FRANCES H. DUCLOS and Another, Respondents, *v.* MARY S. BENNER and FRANK M. BONTA, Individually and as Executors and Trustees of HIRAM BENNER, Deceased, Appellants, Impleaded with Others, Defendants.

*Will — trusts — effect of the death of an infant before majority — remainder, when in trust.*

A testator, by his will, gave to his executors and trustees a sum of money in trust, "to pay over the income, interest, profits and earnings thereof" to his wife, semi-annually, during her life. The money was invested by them in bonds which, during the lifetime of the widow, were sold at a profit.

In an action brought for the purpose of obtaining a construction of the will:

*Held,* that the widow was not entitled to receive the profit, but was entitled to have the profit invested and to receive its income during her life.*

The will directed that the residuary estate be divided into six shares, and gave to the father of an infant for the maintenance of his son the income of one share, and directed that the principal be paid to the infant at majority, The infant died, while under age, without issue. By a subsequent clause of the will the testator provided that if the infant died leaving issue they should receive the share he would have taken, but that if he died without issue "the share which would have gone to, or have been held for his benefit, shall belong to and be divided among my surviving children, and the lawful issue of those who shall have died, in the same manner as hereinbefore provided."

The testator had, by former provisions of his will, created in the other five residuary shares trusts for life, or until the marriage of his children, and had provided that in the case of the death of either without issue the same disposition should be made of the share as that above stated in regard to the share of the grandson.

*Held,* that as there was no bequest of the share to the grandson until majority, the estate in such share vested in the executors and trustees until that event.

That the trust in respect thereto did not cease entirely with the death of the grandson; that the *pro rata* part of its income should be applied equally to the use of such of the surviving children as were not, by the terms of the will, as yet entitled to the principal.

That, in the case of each of those to whom or to whose issue there had been paid under the will the principal of the shares given to such person by the will, there should also be paid one-fifth of the principal of the share of the infant.

That a direction by the court to the executors and trustees to pay absolutely to two of the testator's children, who were not as yet entitled to the principal of their own shares, their proportionate part of the deceased infant's share was error and justified an appeal by the executors and trustees from the judgment entered thereon.

Appeal by the defendants, Mary S. Benner and Frank M. Bonta, as executrix and executor and as trustees under the will of Hiram

---

* See *Matter of Clark, ante,* page 276

Benner, deceased, from certain parts of a judgment, entered in the office of the clerk of the city and county of New York on the 25th day of June, 1891, as follows:

FIRST. From the second provision or direction in said judgment, in the following words:

"*Second.* It is ordered and adjudged that there was no trust created in and by the last will and · testament of Hiram Benner, deceased, as to the plaintiffs' shares or portions of the estate bequeathed to Hiram Benner Bonta in the event of his dying before he arrived at the age of twenty-one years without leaving lawful issue him surviving, and that the plaintiffs, Charles H. Benner and Frances H. Duclos are entitled to receive two-fifths share thereof, out and out; and that the plaintiffs are also entitled to receive upon the death or remarriage of the said Mary S. Benner two-fifths of the share of the said sum of thirty thousand dollars which has been set apart and invested by said trustees, for her benefit, which would have been coming to the said Hiram Benner Bonta had he lived and had arrived at the age of twenty-one years at the death or remarriage of the said Mary S. Benner."

SECOND. And from the fourth provision or direction of said final judgment, which is as follows:

· "*Fourth.* It is also ordered and adjudged that the said Mary S. Benner, executrix and trustee, pay to the plaintiff Charles H. Benner, or his attorney, the sum of two thousand and thirty-nine dollars and sixty-one cents ($2,039.61), being his proportionate share in the share or portion to which the said Hiram Benner Bonta would have been entitled in said estate had he lived and arrived at the age of · twenty-one years."

THIRD. And from the fifth provision or direction of said final judgment, which is as follows:

"*Fifth.* It is also ordered and adjudged that the said Mary S. Benner, executrix and trustee, pay to the plaintiff Frances H. Duclos, or her attorney, the like sum of two thousand and thirty-nine dollars and sixty-one cents ($2,039.61), being her proportionate share in the share or portion to which the said Hiram Benner Bonta would have been entitled in said estate had he lived and arrived at the age of twenty-one years."

FOURTH. And from so much of the tenth provision of said final judgment, as is in the following words :

" Excepting so much and such part thereof to which the said Hiram Benner Bonta would have been entitled if living and had arrived at the age of twenty-one years, and the said proportionate share being one-sixth part thereof, shall be deducted from said property, or the proceeds thereof, and said trustee who may succeed the said Mary S. Benner, shall pay to the said Charles H. Benner, or his attorney, the said one-sixth part thereof, out and out."

FIFTH. And also from so much of the eleventh provision of said final judgment as is in the following words :

" Excepting so much and such part thereof to which the said Hiram Benner Bonta would have been entitled if he had lived and arrived at the age of twenty-one years, and the said proportionate share being one-sixth part thereof, which shall be deducted from said · property, or the proceeds thereof, and said trustee who may succeed the said Mary S. Benner, shall pay to the said Frances H. Duclos, or her attorney, the said one-sixth part thereof, out and out."

SIXTH. And from so much of the twelfth provision of said judgment as is in the following words :

" Less one-sixth part of said fifth part of said share as hereinafter mentioned " and " and the said one-sixth part of said one-fifth part of said share or portion, being the share or portion to which the said Hiram Benner Bonta would have been entitled had he lived and arrived at the age of twenty-one years, should be paid to the said Charles H. Benner, or his attorney, out and out."

And from so much of said twelfth provision as is in the following words :

" Less one-sixth part of said fifth part of said share as hereinafter mentioned," and " and the said one-sixth part of said one-fifth part of said share, being the share or portion to which the said Hiram Benner Bonta would have been entitled had he lived and arrived at the age of twenty-one years, shall be paid to the said Frances H. Duclos, or her attorney, out and out."

SEVENTH. And also from each and every part of the said final judgment which assumes to give to the plaintiffs any portion of the share which Hiram Benner Bonta would have been entitled to under the

will if he had lived and arrived at the age of twenty-one years, out and out, instead of declaring the same to be held in trust.

Also an appeal by Mary S. Benner, individually, and as executrix and trustee under the will of Hiram Benner, deceased, from parts of said judgment as follows :

First. From the third direction contained in said judgment, which is in the following language :

" *Third.* It is also ordered and adjudged that the said Mary S. Benner, as executrix and trustee, pay the plaintiffs and defendants herein named the following amounts, being their shares in the sum realized on the sale of the thirty thousand dollars United States four per cent bonds :

" I. That the said Mary S. Benner, as executrix and trustee, pay to the plaintiff, Frances H. Duclos, or her attorney, the sum of one thousand six hundred and ninety-three dollars and twelve cents ($1,693.12).

" II. That the said Mary S. Benner, as executrix and trustee, pay to the plaintiff, Charles H. Benner, or his attorney, the sum of one thousand six hundred and ninety-three dollars and twelve cents ($1,693.12).

" III. That the said executrix and trustee pay to each of the defendants, Ella D. Benner, Ida T. Benner and Mary B. Benner, or their attorneys, the sum of one thousand six hundred and ninety-three dollars and twelve cents ($1,693.12)."

And from every part thereof.

Second. From each and every part of said final judgment which assumes to make any disposition of the sum realized on the sale of the $30,000 United States four per cent bonds, or any part thereof, and asks that, in that respect, the judgment be reversed, and that the sum of $8,465.60, the premiums arising from the sale of the $30,000 government bonds be declared to belong to this appellant individually under the provisions of the will of Hiram Benner, deceased.

The case was tried at the New York Special Term by the court, without a jury. The court found as facts, among other things, as follows :

*Sixth.* That Hiram Benner Bonta, the grandson of the testator, died on the 21st day of May, 1888, at the age of twelve years, without leaving lawful issue him surviving.

*Thirteenth.* That in and by said last will and testament the said executors were directed " to set apart and invest in the name of Mary S. Benner and Frank M. Bonta, as executors and trustees of the last will and testament of Hiram Benner, deceased, the sum of $30,000, or one-third of the appraised value of the personal estate of the testator as the said Mary S. Benner shall elect in writing, and the income, interest, profits and earnings thereof shall be paid to the said Mary S. Benner half-yearly so long as she shall live." That afterward the said Mary S. Benner elected in writing to have set apart and invested the sum of $30,000 in the names of said Mary S. Benner and Frank M. Bonta, as executors and trustees of the last will and testament of Hiram Benner, deceased.

The will of the testator, among other things, provided as follows :

"*Second.* I give, devise and bequeath unto my executors and trustees hereinbefore named, the survivors or survivor of them or those or the one who shall qualify, all the estate of which I shall be seized or possessed, real and personal, and wheresoever the same may be in trust to and for the following uses and purposes, to wit : 'To receive and collect the rents, issues and profits thereof, and to collect in, sell and realize upon my said estate, real or personal, at any time, in any manner and upon any terms which they may deem proper and advisable, and securely invest and reinvest the proceeds thereof.

" To divide the residue of my whole estate, real and personal, into six equal parts, and

" 1. To pay the income of one-sixth of the principal thereof to my son Charles H. Benner, half yearly, during his natural life, and upon his death to divide the said one-sixth share among his lawful issue him surviving, *per stirpes*, and not *per capita*.

" 2. To pay the income of another sixth part thereof to my daughter Frances Duclos, the wife of James M. Duclos, half yearly, during her natural life, and upon her death to divide the said one-sixth share among her lawful issue her surviving, *per stirpes*, and not *per capita*.

" 3. To pay to my said wife for the support, maintenance and education of my daughter Ella Benner, the income of another sixth part thereof, each and every year during her minority ; such payments to be made quarterly or oftener as my executors and trustees

may determine, and upon attaining the age of twenty-one years, or upon the marriage of my said daughter Ella, whichever event shall first happen, to transfer and pay over to my said daughter the said share or part of my estate.

"4. To pay to my said wife for the support, maintenance and education of my daughter Ida Benner, the income of another sixth part thereof each and every year during her minority, such payments to be made quarterly or oftener as my executors and trustees may determine, and upon attaining the age of twenty-one years or upon the marriage of my said daughter Ida, whichever event shall first happen, to transfer and pay over to my said daughter the said share or part of my estate.

"5. To pay to my said wife, for the support, maintenance and education of my daughter Mary Benner, the income of another sixth part thereof, each and every year during her minority, such payments to be made quarterly, or oftener as my executors and trustees may determine, and upon attaining the age of twenty-one years, or upon the marriage of my said daughter Mary, whichever event shall first happen, to transfer and pay over to my said daughter the said share or part of my estate.

"6. To pay to my son-in-law Frank M. Bonta, for the support, maintenance and education of my grandson Hiram Benner Bonta, the son of my deceased daughter Laura and said Frank M. Bonta, the income of another sixth part thereof, each and every year during his minority, such payments to be made half-yearly, or oftener as my executors and trustees may determine, and upon attaining the age of twenty-one years, to transfer and pay over to my said grandson the said share or part of my estate.

"*Fifth.* Should any of my children die before me leaving lawful issues, such issue shall take and receive the principal of the share which the parent would have received, or would have had the benefit of; but should either of my children die without leaving lawful issue him or her surviving, the share which would have gone to, or been held for the benefit of the one so dying, shall belong to and be divided among my surviving children, and my said grandson and the lawful issue of those who shall have died, in the same manner as hereinbefore provided. Should my said grandson die leaving

lawful issue him surviving, such issue shall shall take and receive the principal of the share which he would have received or would have had the benefit of, but should he die without leaving lawful issue, him surviving, the share which would have gone to or been held for his benefit, shall belong to and be divided among my surviving children and the lawful issue of those who shall have died in the same manner as hereinbefore provided.

"*Seventh.* I hereby, nominate, constitute and appoint my said wife Mary S. Benner, my son-in-law Frank M. Bonta, and my friend William Pinkney, the executrix and executors and trustees of this my last will and testament, with power to carry the same into effect, and I do hereby authorize and empower my said executors and trustees, the survivors and survivor of them or those, or the one who shall qualify, to sell at public auction or private sale, my said estate, either real or personal, upon such terms and conditions as in their discretion shall seem proper, and to sign, seal, execute, acknowledge and deliver to the purchaser or purchasers thereof good and sufficient deeds, conveyances and transfers, or other instruments in writing necessary in the premises.

Charles H. Benner and Francoise M. Duclos were parties to the action.

*James A. Shoudy*, for the appellant.

*C. Bainbridge Smith*, for the respondents.

INGRAHAM, J. :

This is an appeal from a judgment entered on the decision of the court at Special Term, construing the will of Hiram Benner, deceased, and two questions are presented on the appeal.

*First.* Whether the defendant, Mary S. Benner, is entitled to the premiums or surplus arising on the sale of $30,000 United States four per cent bonds, the sum of $30,000 which the will directed should be held for the benefit of the appellant having been invested in such bonds.

The will gave to the executors and trustees all of the testator's estate in trust, and then contained the following provision :

" To set apart or invest the sum of thirty thousand dollars ($30,000)

or one-third of the appraised value of my personal estate, as my said wife may elect in writing, and pay over the income, interest, profits and earnings thereof to my said wife half yearly so long as she shall live."

The appellant elected to have the sum of $30,000 invested for her benefit, and the trustees under the will invested said sum, with other moneys of the estate, in United States bonds, upon which the widow has received the annual interest. The bonds were subsequently sold at a profit over and above the amount paid for them of $8,465.62, and the appellant claims that that profit upon the investment should be paid to her.

The rules applicable to questions of this character have been settled by the Court of Appeals in the *Matter of the Accounting of Gerry* (103 N. Y., 449), Ruger, C. J., delivering the opinion of the court, says:

" The primary rule for the determination of questions arising upon the construction of wills, is the ascertainment of the intent of the testator, from a consideration of its provisions. In the case in hand the will provides specifically for the interest which the legatee for life was to take in the fund, and it is limited to the ' annual interest, income and dividends thereof.' All beyond this must, from necessity, have been intended to go to the remaindermen, for there are no other persons who could lawfully take it."

Looking at the will in question, to determine the intent of the testator, it is clear that the appellant was to receive the yearly income of the trust estate. The trustees were to pay over " the income, interest, profits and earnings thereof to my said wife half yearly, so long as she shall live." What was to be paid was the income, interest, profits and earnings which accrued upon the fund so invested each half year.

Whether the securities in which the fund was invested increased or decreased in value during each half year had no effect upon the interest, profits, income and earnings during that half year. As was stated in the *Matter of Gerry* (*supra*): " The theory of the will did not contemplate any traffic in securities by the trustee, but a permanent investment in interest-bearing obligations, subject to be sold or exchanged only when the exigencies of the trust required it to be done." It is quite clear that the life tenant could not have

compelled the trustee to sell securities lawfully purchased, and held upon the ground that their market-value had appreciated in his hands, any more than he could have compelled her to make good any deficiency in the value of such securities.

The addition of the words, "profits and earnings," does not show that the testator had any other intention than that stated in the *Matter of Gerry.*

What the appellant, Mary S. Benner, was to receive was the regular income from the securities in which the trust estate was invested, and as that was to be paid to her each half year it is clear that the regular interest paid upon such securities was that which the testator intended she should receive.

It would be impossible to administer a trust of this character upon any other principle; for if the contention of the appellant is correct in case the securities in which the trust funds were invested, at the end of the half year had enhanced in value, the *cestui que trust* would be entitled to have the amount of such enhancement during the six months paid to her, and that would be impossible without selling the securities in which the trust funds were invested. It is plain that a sale, at the end of each six months, of the trust securities would be contrary to the obvious intent of the testator.

Nor is there any principle upon which the appellant can claim that she is entitled to legal interest upon the trust fund, or any sum save the yearly income that the securities in which the trust fund was invested realized.

But we think that the appellant was entitled to have the whole fund, including surplus, invested, and receive the income thereof pending the trust. No division of the trust fund is to be made until after the death of the decedent; and it was the evident intention of the testator that the said fund should be invested and the income of the investment paid to the life tenant as long as she lived.

It is clear that if there had been a fall in the securities in which the trust fund was invested and a loss occasioned, and that instead of the fund being increased it had been diminished, that the life tenant could only have received the income derived from the investment of the diminished funds.

There is no provision for supplying any deficiency which might arise from the depreciation of the securities in which the fund was

invested by taking any other part of the estate. The $30,000 was to be invested and the income received.

If there had been a provision in the will that the $30,000 should be invested in a house, and the rent received from the letting of the house applied to the use of the life tenant, it certainly would not be claimed, if the house increased in value and the rent increased in proportion, that the life tenant would not be entitled to the whole amount derived from the *corpus* of the fund, although it had greatly increased in amount.

The $30,000 to be invested for the benefit of the wife was the *corpus* of the fund, and the income arising from any increase thereof the life tenant was entitled to receive. If this was not so, then the executors would have to hold the excess until the death of the life tenant, as there is no provision in the will for a distribution until the happening of that event.

The second question presented upon the appeal of the defendant executors from that portion of the judgment that provided that the share held in trust for the testator's grandson, Hiram B. Bonta, be equally divided between his surviving children.

The will directed the executors to pay to the son-in-law of the testator, Frank Bonta, for the support, maintenance and education of his grandson, Hiram B. Bonta, the son of his deceased daughter Laura and said Frank M. Bonta, the income of another sixth part of his residuary estate, each and every year during his minority, such payments to be made half-yearly or oftener as his executors and trustees should determine ; and upon attaining the age of twenty-one years, to transfer and pay over to his said grandson the said share and part of his estate. And by the fifth clause of the will it was provided as follows : " Should my said grandson die, leaving lawful issue him surviving, such issue shall take and receive the principal of the share which he would have received or would have had the benefit of, but should he die without leaving lawful issue him surviving, the share which would have gone to or been held for his benefit shall belong to and be divided among my surviving children, and the lawful issue of those who shall have died, in the same manner as hereinbefore provided."

There was no provision in the will making any bequest of the one-sixth part of the estate in question to the grandson until his

arrival at the age of twenty-one. Prior to that time that portion of the estate vested in the executors; the income was to be paid to the father of the grandson.

Upon the death of the grandson, before arriving at the age of twenty-one, the trust had not terminated and there is nowhere expressed an intention of the testator that the trust should then terminate; but from the language used in the fifth clause of the will, it would rather appear to have been his intention that this one sixth should be applied to the use of his other five children in the same manner that he had provided that the portion of the estate specifically bequeathed or devised to each was to be, by the will, held for them. All of the estate was held in trust, one-sixth to each of the testator's five children, and one-sixth for the grandson, and upon the death of the grandson, his share was to be divided among the testator's surviving children and the lawful issue of those who should have died, in the same manner as before provided in the will, or, in other words, one-sixth of the grandson's share was to go to each of his surviving children or their lawful issue in the same manner that he had before provided in his will, such child's one-sixth was to go to him. If that manner was that it was to be held in trust for such child, then the one-sixth of the grandson's share was to be held in trust for such child. If, on the other hand, by the terms of the will, such child's one-sixth had already been paid to her or to her lawful issue, then the one-fifth of the grandson's share should be paid to such child or to his lawful issue.

The plain intent of the testator as to his son Charles H. Benner and his daughter Frances Duclos, was that their share of the testator's estate was to be held in trust during their lives, while, as to his three unmarried daughters, their share was to be paid to them on their marriage or upon the arrival at the age of twenty-one; and I think it was also his intention that the one-fifth of the grandson's share should be disposed of in the same manner.

No other construction will give effect to the words " in the same manner as hereinbefore provided," for if the testator had intended that the estate should be simply divided among his children those words were superfluous.

As by this construction of the will the estate of the trustees in the shares of the son of Charles H. Benner and Frances Duclos had

not terminated, and as the judgment of the courts below directed them to pay absolutely to the two sons the trust estate, I think they had a right to appeal from the judgment directing such payment.

It is not necessary to determine what effect this construction will have upon the trust fund of $30,000 for the benefit of the testator's widow. When that fund is to be distributed after the death of the widow, the question as to its distribution can be determined.

I think, therefore, the judgment should be modified so as to provide that the trust as to the share of the grandson continue until the children of the testator or their lawful issue would be entitled to receive the one-sixth of the estate held for them respectively, and as so modified affirmed, with costs to the plaintiff, and the defendant executors to be paid out of the estate.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment modified as directed in opinion, and as modified affirmed, with costs to the plaintiff, and the defendant executors to be paid out of the estate.