JOHN A. CROSS, Appellant, *v.* THE LONG ISLAND LOAN AND TRUST COMPANY and Others, Respondents.

*Increase in the value of the securities of an estate, not profit — word "profit" defined.*

Where a fund represents an increase in the value of the securities of an estate it is not profit.  It is an accretion or increase from natural causes.

Profit is the gain above expenditures arising from some transaction or operation.

APPEAL by the plaintiff, John A. Cross, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 22d day of May, 1893, upon the decision of the court rendered after a trial at Special Term, dismissing the complaint upon the merits, and adjudging, among other things, that the sum of $29,500 received by the defendant upon the sale of certain securities, was neither rents, income, issues or profits, and constituted a portion of the *corpus* of a trust estate created by the provisions of the last will and testament of John A. Cross, deceased.

John A. Cross died leaving a last will and testament, containing the following provision : " Ninth. All the rest, residue and remainder of my estate, real and personal, I order and direct my said executors to divide into five equal parts or shares.  *  *  *  I give, devise and bequeath one of said five shares or parts to my said executors, and to the survivor of them, to have and to hold the same upon the following trusts and for the following purposes, namely, to receive the rents, income, issues and profits thereof, and to apply the same to the use of my son, John Arnold Cross, for and during his natural life, and at his decease to pay over, transfer, assign and convey the said share or part to his heirs at law to have and to hold the same to them and their heirs forever."

The complaint alleged that the defendant the Long Island Loan and Trust Company had been duly appointed trustee under said last will and testament, and that in addition to the sum paid over to the plaintiff as the income of one-fifth part of the rest, residue and remainder of the testator's estate the said Long Island Loan and Trust Company had received large sums of money which were the

issues and profits of the said share of said estate, directed by said will to be set apart and applied to his use, which sums the said trust company, although requested so to do, had refused to pay over to the plaintiff.

The answer of the defendant the Long Island Loan and Trust Company alleged the selling of certain bonds belonging to such trust fund for $129,500, besides interest, and that $29,500 of such amount represented the premium received above the par value of such bonds, and that such amount formed part of the *corpus* of the trust estate, and could not be properly paid to the plaintiff as the life tenant.

*Martin J. Keogh*, for the appellant.

*William M. Ingraham* and *Albert G. McDonald*, for the respondents.

DYKMAN, J.:

This is an appeal from a judgment entered upon the findings of a judge after a trial at the Special Term.

The action was brought to obtain a construction of the will of John A. Cross, deceased, and the question involved is whether the sum of $29,500, received by the trust company for premiums on the sale of certain securities belonging to the estate of the testator, constitutes a profit within the meaning of the word as it is employed by the testator, and, therefore, belongs to the life tenants, or whether it forms part of the *corpus* of the estate and belongs to the remaindermen.

The fund in question represents the increase in value of the securities, and is, therefore, not profit in the ordinary acceptation of that term. It is an accretion or increase from natural causes.

Profit is acquisition of gain above expenditures arising from some transaction or operation. Under this will there was to be no traffic or operations, but only an investment of the fund.

A decision of the surrogate of New York that an enhancement of the value of United States bonds held in trust went to the remainderman, and not to the life tenant, was approved by the Court of Appeals in the *Matter of Gerry* (103 N. Y. 445), and that case seems, also, to be decisive of this. *The Matter of Clark* (62 Hun,

275), *Bergen* v. *Valentine* (63 How. Pr. 225), and *Duclos* v. *Benner* (62 Hun, 428), are all authorities to the same effect.

The judgment should, therefore, be affirmed, with costs.

CULLEN and PRATT, JJ., concurred.

Judgment affirmed, with costs.