Jellison and wife *v.* Goodwin.

for the petitioner against the respondent, which in any way accrued after the interlocutory judgment.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

ASA JELLISON AND WIFE *versus* JOHN R. GOODWIN.

In actions on the case for slander, *malice in fact* implies a desire and an intention to injure. But *malice in law* is not necessarily inconsistent with an honest or even a laudable purpose.

Malice in law is sufficient to support an action for slanderous words; and the speaking of words actionable in themselves and not privileged, is sufficient evidence of this kind of malice, which the law implies from the uttering of such words.

*Actual* malice may also be proved to enhance the damages.

Where it is shown that the words were spoken as privileged communications, so that there was no legal malice; it is a full justification.

Whether, upon the evidence, legal malice exists, is a question of law.

However correct an abstract legal proposition may be, there can be no good reason for giving it, on request, to the jury, if there is no evidence in the case to which it could apply.

EXCEPTIONS were taken by the defendant to the rulings and instructions of RICE, J., presiding at *Nisi Prius.*

This is an action on the case, for slanderous words alleged to have been uttered by the defendant of and concerning the female plaintiff.

The defendant admitted the utterance and publication of the words alleged, which imputed a charge of adultery, but introduced evidence for the purpose of satisfying the jury that the words were not uttered maliciously.

The counsel for the defendant requested the presiding judge to instruct the jury that the law did not recognize fixed and limited numbers and classes of privileged communications, but that the jury were authorized to decide from all the circumstances of the speaking and publication, whether the words were *maliciously* spoken, notwithstanding they may be actionable in themselves.

The judge declined giving this instruction, but instructed the jury that to rebut the presumption of malice arising from the utterance of words actionable in themselves, the defendant must have uttered them *bona fide* in the performance of some legal or moral duty, or in the conduct or discharge of his own affairs, or in answer to inquiries addressed to him by parties having an interest to inquire.

The jury returned a verdict for plaintiff.

*T. M. Hayes* and *R. P. Tapley*, counsel for defendant.

*Emery & Loring*, counsel for plaintiff.

DAVIS, J. In this case the defendant admitted the speaking and publication of the words, charging the plaintiff with the crime of adultery; but he justified on the ground that the words were not uttered maliciously. And he requested the presiding judge to instruct the jury " that the law does not recognize fixed and limited numbers and classes of privileged communications; but that the jury are authorized to decide, from all the circumstances of the speaking and publication, whether the words were maliciously spoken, notwithstanding they may · be actionable in themselves." This instruction was not given.

The distinction between malice in law, and malice in fact, has not always beem regarded sufficiently in judicial opinions; and some apparent conflict has resulted. Nor does the term "malice" always have the same signification in law. In actions for malicious prosecution the word has a meaning and force different from what it has in actions on the case for slander. Mitchell v. Jenkins, 5 B. and A., 588.

As understood in this latter class of actions, *malice in fact* implies a desire and an intention to injure. But *malice in law* is not necessarily inconsistent with an honest or even a laudable purpose. If one makes a false accusation against another, without knowing it to be false, but with no sufficient cause or excuse, it is *legally* malicious. Bromage v. Prosser, 4 B. and C., 247, 255. If he makes such an accusation, knowing it to be false, it is *actually* malicious. The

former is a presumption of law from certain facts proved. Whether the latter existed in any given case, is a question of fact for the jury.

Legal malice alone is sufficient to support an action for slanderous words. And if the words are actionable in themselves, and are not privileged, the speaking of them is sufficient evidence of this kind of malice. The law implies such malice from the uttering of such words; and no other evidence of malice is necessary. But the plaintiff may, if he chooses, prove *actual* malice also, to enhance the damages. True v. Plumley, 36 Maine R., 466.

If the defendant shows that the words were spoken as privileged communications, so that there was no legal malice, it is a full justification, upon which he is entitled to a verdict in his favor. But proof that there was no actual malice goes only in mitigation of damages.

The requested instructions applied to privileged communications, making no allusion to the question of damages; and they obviously had reference only to malice in law. The question whether the words spoken were privileged communications, necessarily relates to the question of legal malice, as distinguished from actual malice. But upon the proof or admission of certain facts, whether legal malice existed, is a question of law; and is not to be " decided by the jury, from the circumstances of the speaking and publication." There was no error in declining to submit this question to the jury.

The counsel for the defendant has argued at some length the correctness of the first part of the request,—" that the law does not recognize fixed and limited numbers and classes of privileged communications."

There are certain classes of communications in regard to which the law is well settled, that they are privileged. If there are or may be other classes, not yet recognized by courts, but founded upon like reasons, and of like necessity, the defendant should have proved that the words spoken by him were embraced in such other class, and then he might

properly have called for appropriate instructions. But the case does not show that any such proof was introduced or offered; nor is any intimation given as to what new kind or class of privileged commuications the court should recognize. So that, however correct the instruction might have been, as an abstract legal proposition, there being no evidence in the case to which it could apply, there was no good reason for giving it to the jury.

If by the instructions requested it was intended to assert that the question as to what kinds and classes of communications are privileged, is not a question of law to be decided by the court; but that the jury are to determine this question, and may find any kind of communications privileged, according to the circumstances of the speaking and publication, we have no hesitation in expressing the opinion that such a proposition is erroneous.

*The exceptions must be overruled.*