WILLIAM CAVANAUGH *v.* ALBERT N. AUSTIN.

*Slander. Damages. Evidence.*

Charges other than those stated in the declaration, but of a similar character, may be proved in an action for slander, not as a substantive ground of recovery, but as tending to show malice.

In an action of slander, it is competent for the jury, on the question of damages, to take into consideration the fact that the defendant, in his pleadings in the case, has reiterated the statements, and attempted to justify them on the ground that they are true.

ACTION on the case for libel and slander. Plea, general issue and notice of justification. Trial by jury, September term, 1868, WILSON, J., presiding.*

It appears that the defendant was an inn-keeper at Milton, and had a ball there January 1st, 1867. The plaintiff came there with a lady, in a sleigh, having three buffalo robes and a new whip. There was a large number at the ball. The buffalo robes of all the guests were kept in a shop near the hotel. About five o'clock the next morning the plaintiff called for his team, and went with the man who had charge of the buffalo robes to the shop, where the plaintiff took some robes and carried them to his sleigh. Two other guests, missing their robes, looked for them among the sleighs in the yard, and found two of them in the plaintiff's sleigh, with two that belonged to plaintiff's team. And an-

---

* The declaration was not furnished the reporter, and there was nothing in the bill of exceptions showing what the several counts were further than appears in the statement given.

other guest, missing his whip, found it in the ladies' parlor, and the defendant's testimony tended to prove that just previous thereto the whip had been seen in the hands of the lady whom the plaintiff brought to the ball. The guests who claimed the robes and whip having taken them, the plaintiff requested the defendant to get him his other robe and his whip, which the defendant did not do, and the plaintiff was compelled to go home, some four miles, without them. The plaintiff returned, two or three days afterward, for his robes and whip, and the defendant gave him his robe, but could not find his whip, and the plaintiff never got it.

Upon the discovery of the robes and whip, as aforesaid, the defendant charged the plaintiff with stealing them, which was the verbal slander complained of, and demanded of the plaintiff that he should pay the owners of the robes and whip, for the delay so caused in finding them, one dollar each, and thereupon the plaintiff paid them. After making such payment, one Ashley, a deputy sheriff, who had been sent for by the defendant, arrested the plaintiff for the alleged stealing, and after detaining him a few minutes, demanded of the plaintiff two dollars for his trouble, which plaintiff paid, and was then released. The plaintiff's evidence tended to show that on the morning of January 2d, aforesaid, the defendant said, in hearing of several persons, that the plaintiff was a thief, and had stolen property before that time.

On the 5th day of January, 1867, the attorneys of the plaintiff wrote to the defendant a letter, demanding ten dollars to settle for money paid as aforesaid, and for plaintiff's trouble in going to Milton for his robe and whip, and threatened to bring suit against the defendant in favor of the plaintiff if default was made in such payment. On the 7th the defendant replied, by letter to said attorneys, in which he said, in reference to the plaintiff, " He stole two buffalo robes and one whip from me, belonging to guests at my house, and for detaining those guests some time, and to escape prosecution for private damages, paid them one dollar each for their trouble ; that was to settle private damages "; and concluded with a threat to have the plaintiff arrested on a criminal complaint. The plaintiff offered in evidence this letter of the defendant, to which the defendant objected, but the court admitted the letter

under instructions to the jury that it might be considered by them in connection with the letter to which it was in reply, and the other evidence in the case upon the question of whether the defendant acted in good faith in charging the plaintiff with stealing the property, at the time it was discovered, or whether he was actuated by malice towards the plaintiff, but that it was not evidence under the first count of the declaration to prove a substantive offense, but was to be considered solely as bearing on the question of malice, to all which the defendant excepted.

The court charged the jury, among other things to which no exception was taken, and in reply to a question of a juryman, that if the jury should find that the plaintiff did steal part of the articles in question, and did not steal them all, the plaintiff would be entitled to recover if the jury should find the case, in other respects, proved in favor of the plaintiff; that if the jury should find the plaintiff did steal part of the articles, and did not steal them all, they would consider the fact that he had stolen part of them in mitigation of damages; to which the defendant excepted.

*C. W. Witters, G. A. Ballard* and *Benton & Wilson*, for the defendant.

*H. S. Royce* and *Dewey & Noble*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J.   The only question presented by the bill of exceptions, that we are called upon to decide, is as to the admissibility of the letter from the defendant to Dewey & Noble, for the purpose for which it was admitted.   The letter was excluded by the court as evidence tending to prove the allegations in the first count of the declaration, but was admitted as tending to show that the slanderous words, charged to have been spoken by the defendant, in the second and third counts, were uttered maliciously. Whether the letter was properly excluded as evidence under the first count, or not, is not now the question, but we think it perfectly clear that it was admissible as tending to show malice, under the second and third counts.   The letter contains substantially a

reiteration of the charge of theft contained in said counts. The rule is well settled that charges,other than those set out in the declaration, of a similar character, may be proved in the action of slander, not as a substantive ground of recovery, but as tending to show malice. But it is said the letter should have been excluded because the charges contained in it were made in the course of a judicial proceeding, or with reference to it. If the fact was so, there would be more plausibility in the argument, but the exceptions show that the statements were not made under any such circumstances as by any possibility could bring them within that rule. No judicial proceeding was pending, or contemplated, that called for, or rendered proper or pertinent, any such statement. It was entirely voluntary and gratuitous. Again, in the action of slander it is competent for the jury, on the question of damages, to take into consideration the fact that the defendant, in his pleadings in the case, has reiterated the statements, and attempted to justify them on the ground that they are true.

The judgment of the county court is affirmed.