[No. 539.· Decided January 22, 1890.]

## J. GARDNER KENYON v. WATSON C. SQUIRE.

### REMOVAL OF CAUSES — FEDERAL QUESTION.

The question whether a patent from the United States conveys part of the sea-shore below ordinary high-water mark in front of the land conveyed by the patent, is a "federal question," authorizing the removal of the cause from the state to the United States court.

*Appeal from District Court, King County.*

*J. B. Howe*, for appellant.

*Struve, Haines & McMicken*, for appellee.

The opinion of the court was delivered by

STILES, J.— This was an application to transfer the cause to the United States circuit court for the district of Washington, for the alleged reason that it was a cause pending at the time when the Territory of Washington became the State of Washington, and whereof the circuit court of the United States might have had jurisdiction under the laws of the United States, at the time of the commencement of the action, had the circuit court then been in existence. Such a cause is required to be transferred, upon request, by § 23 of the enabling act.

Ordinarily, the time for a party plaintiff to elect whether he will commence his action in a state court, or in a federal court, is at the time of its commencement; and the time for a defendant to demand a removal of the action from the state to the federal court, is at the time of his appearance in the action. In such cases the complaint in the one case, determines whether or not the federal court has jurisdiction; and in the other case the proceedings at the time of the application for removal are the basis for the allowance or denial of the application.

Judging strictly in accordance with the rule stated, we doubt whether this cause would have been removed to the federal court on the application of the defendant below, had Washington been a state when the action was commenced, upon the proceedings as they appear in the record to have existed at the time when the application would have had to be made. Nor do we think that the complaint presented a state of facts which would have warranted the circuit court in taking jurisdiction, had the action been commenced in that court. But we have deemed it proper, under the circumstances, that we should go farther than courts would ordinarily be required to go, to determine the question of removal, since the enabling act seems to place parties in the position, with regard to choosing their forum, which they would have had, had the circuit court been in existence at the date of the commencement of the action, or of the appearance of the defendant therein. Therefore we have looked into the record in this case and find that one of the matters in dispute at the hearing, and one upon which much stress was laid, by one of the parties at least, was whether a patent of the United States, which conveyed land bordering upon an arm of the sea and which purported to convey a portion of the sea-shore below ordinary high-water mark, in front of the land included in the patent, actually conveyed to the patentee any title to the shore below high water-mark.

In our judgment the existence of this element in the controversy would have been sufficient to raise what is denominated a "federal question," and would have given the circuit court jurisdiction had the plaintiff shown it in his complaint, or had the defendant shown it in the proceedings to remove. It was not an element necessary to be shown by the plaintiff at the time he commenced his action, to establish a cause of action, nor was it necessary to be shown by the defendant to meet ·the allegations of the plaintiff, or to assert his own right. But it could have been shown by either party, and, being shown, the circuit court would have had jurisdiction.

The files, records and proceedings in the cause will be transferred to the United States circuit court for the district of Washington.

ANDERS, C. J., and SCOTT and HOYT, JJ., concur.

DUNBAR, J., not sitting.