ELLIS WALTER JONES *v.* ELLIS ROBERTS.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, START and WATSON, JJ.

Opinion filed June 13, 1901.

*Libel—Office of innuendo*—In an action of libel an innuendo is used to set forth the sense in which the plaintiff claims that the defendant used the words alleged to be libelous.

*Libel—When an innuendo may be rejected as surplusage*—If, as in this case, an alleged libel is not capable of the construction which is given it in an innuendo, so that the innuendo is bad and useless, it is proper on demurrer to reject the innuendo as surplusage. The question then is whether the language charged to be libelous is so *per se.*

*Libel—Matter libelous per se—*The publication of a letter charging a married man and a minister of the gospel with conduct with women entirely unbecoming him as such married man and minister is libelous on its face.

LIBEL. Heard on demurrer to the declaration, Rutland County, March Term, 1901, *Munson, J.*, presiding. The demurrer was sustained and the declaration adjudged insufficient. The plaintiff excepted.

*F. S. Platt* and *Butler & Moloney* for the plaintiff.
*William H. Preston* for the defendant.

TAFT, C. J. The plaintiff alleges that the defendant wrote and published a letter stating therein that he, the plaintiff, often visited Ellen Owens while she was in his, the defendant's, employ during the illness of his wife, and would spend a long time with her in the kitchen and would implore her to go with him to Farnamsville; that once he took her there, when the plaintiff's wife needed her most; that the plaintiff never visited the defendant's family before said Ellen came to it, and never did after she went away from it; that the plaintiff's conduct with the said Ellen was entirely unbecoming of him as a married man and a minister of the gospel. These are the substantial allegations of the alleged libel, and are followed by innuendoes, that the meaning of what the defendant wrote in the letter, as above set forth, was that the plaintiff's visits were for unlawful and scandalous purposes, that his visits in the kitchen were long, improper and unseemly; that his imploring said Ellen, an unmarried person, to go to Farnamsville with him was for improper and illicit purposes; that when he did take her there it was for improper and illicit purposes; that the plaintiff went to the defendant's house for the sole purpose of visiting and associating in an unlawful manner with said Ellen; and also meaning to charge that the plaintiff conducted himself with said Ellen in an improper and unlawful manner;

that the plaintiff had unlawful intercourse and relations with said Ellen; that the plaintiff was in fact immoral and unchaste; that he had solicited said Ellen to commit, and she had committed, adultery with the plaintiff.

The declaration is met with a general demurrer and the question made under it is whether the innuendoes are justified or warranted by the words of the writing. An innuendo is merely explanatory of what is already set forth, it does not add to, enlarge, nor change the sense of the words charged. It is used merely to set forth the meaning of words used by the defendant, and to convey the meaning, in the sense, in which the plaintiff alleges the defendant used them. It is an averment of the meaning of the alleged libelous words; it cannot enlarge nor point the effect of the language beyond its natural and common meaning in the usual acceptation of the words. If an alleged libel is not capable of the construction which is given it in an innuendo it is proper, on demurrer, to reject the innuendo as surplusage. This is the rule when the innuendo is not warranted by the preceding allegations, in the declaration, and the declaration will then be good if it charges words that are actionable *per se*. If not warranted by preceding allegations an innuendo may be rejected as superfluous—but only when it is bad and useless. In the case before us the plaintiff alleges by way of innuendoes what the meaning of the defendant was in certain parts of the writing of which he complains and the question is made whether the writing justifies or warrants the innuendoes. The plaintiff's innuendoes are not justified by the words of the letter set forth in the declaration; they will not bear the construction alleged. By no fair, reasonable, nor even liberal construction can it be claimed that the words of the letter impute a charge of illicit, immoral or adulterous intercourse. Such a crime cannot be predicated by innuendoes upon anything alleged in the declaration.

Having adjudged that the innuendoes are not warranted by the alleged libelous letter the question recurs whether the letter is libelous *per se*. Is it libelous upon its face? What constitutes a libel is often set forth in the text books and the statements although varying in phraseology are substantially the same. It is well set forth in *Colby* v. *Reynolds*, 6 Vt. 489, by *Williams*, C. J. when he says "that a publication which renders the person ridiculous and exposes him to contempt, which tends to render his situation in society uncomfortable and irksome, which reflects a moral turpitude upon the party and holds him up as a dishonest and mischievous member of society and disgraces him in a scurrilous and ignominious point of view; which tends to impair his standing in society as a man of rectitude and principle, or unfit for the society and intercourse of honest and honorable men, shall be considered as a libel." Judged by this standard a portion of the letter is certainly libelous, that part of it which alleges that the plaintiff's conduct with Ellen Owens was entirely unbecoming of him as a married man and a minister of the gospel; this certainly would tend to lower him in the opinion of his friends, acquaintances, and the public, and would have a material effect in regard to him as a married man and a minister of the gospel. It would have a natural tendency to injure him within the meaning of the rule when it strikes at his qualifications for the performance of the duties of his station. It would have a natural tendency to injure him in his profession as a minister of the gospel; the colloquium fully sets forth his profession and occupation. In the respects named the declaration is good and the demurrer should have been overruled.

*Judgment reversed, demurrer overruled, declaration adjudged sufficient and cause remanded.*