# CHARLESTON.

SWINDELL v. HARPER.

Submitted January 18, 1902.   Decided April 5, 1902.

1. SUMMONS—*Declaration—Abatement Plea.*
   A defendant upon whom process summoning him to answer appears to have been served cannot take advantage of any variance in the writ from the declaration, unless the same be pleaded in abatement.   (p. 382).

2. DAMAGES—*Amount in Writ and Declaration.*
   Where the amount of damages assessed by the jury is within the amounts laid in both the writ and the declaration, a motion in arrest of judgment is properly overruled.   (p. 382).

3. SLANDER—*Words Not Declared On—Evidence.*
   In an action for slander, words spoken at different times before suit brought, though not declared on, may be given in evidence to show the intent with which the words declared on were spoken, but words spoken after suit brought cannot be given in evidence, for they may be the ground of another action.   (p. 383).

Error from Circuit Court, Raleigh County.

Action by Eva B. Swindell against H. H. Harper.   Judgment for plaintiff, and defendant brings error.

*Reversed.*

J. H. McGINNIS, for plaintiff in error.

A. P. FARLEY, J. W. McCREERY, and E. M. KEATLEY, for defendant in error.

POFFENBARGER, JUDGE:

This is an action of trespass on the case for slander, brought in the circuit court of Raleigh County, July 5, 1897. The damages laid in the writ are one thousand dollars, and in the declaration five thousand dollars, but no plea in abatement was filed, the only plea in the case being that of· the general issue. Two trials were had. In the first the jury failed to agree, and in the second there was a verdict for seven hundred and fifty dollars, upon which judgment was rendered, after overruling motions for a new trial and in arrest of judgment.

The declaration contains three counts. The defamatory words charged in the first are: "Eva B. Swindell (meaning the plaintiff) is rotten with the pox, and old Swindell, (meaning the father of the said plaintiff) "has not sense enough to know it," (thereby meaning that the plaintiff was rotten with the syphilis, a contageous, infectious and venereal disease). Substantially the same charge is made in each of the other counts.

So far as the record discloses, no instructions were asked on either side. The exceptions are to the action of the court in overruling the motions to set aside the verdict and in arrest of judgment, in refusing to permit witnesses to answer certain questions, and in permitting certain other questions to be answered.

It is claimed the motion in arrest of judgment should have been sustained because of the variance in the writ from the declaration as to the amount of damages claimed. Section 15, chapter 125 of the Code provides that a defendant upon whom process appears to have been served shall not take advantage of any variance in the writ from the declaration, unless the same be pleaded in abatement. See also Hogg's Pl. & Forms, 244 s. 70; *Brown* v. *Belches,* 1 Wash. 9; 1 Rob. Pr. 163; 1 Chitty Pl. 244. Moreover, a new trial will not be granted after verdict, because the amount of damages assessed by the jury exceeds the amount laid in the declaration. *Roderick* v. *R. R. Co.,* 7 W. Va. 54; *Moss* v. *Moss' Admr.* , 4 H. & M. 309. Here the amount of the verdict is within the amounts laid in both writ and declaration.

Plaintiff in error insists that the court erred in refusing to let Isaac Swindell, father of the plaintiff and witness for her, answer as to whether he had told another person prior to the

trial that his daughter had sores from her waist down, and people were talking about her having the disease, and he was going to sue some person when he could find some one that had the money. In this there was no error. Not having put in issue, as provided by statute, the truth of the words imputed to him, he had no right to adduce, in any way, evidence tending to prove the truth of the same. The question was properly ruled out.

Dr. A. A. Bicknell, witness for the plaintiff, was permitted to testify that the defendant had told Frank Harper, in witness' presence, that witness was doctoring and treating plaintiff for said disease. There was evidence tending to show that this alleged conversation took place after the date of the commencement of the action, and none tending to show that it occurred before. The witness does not remember when it occurred. Defendant's motion to strike out the evidence of this witness being overruled exception was taken. After proving the words counted upon in the declaration, the plaintiff may give evidence of repetitions of them and of other similar statements made by the defendant, both before and after the time of the speaking of the words counted upon, but prior to the commencement of the action, for the purpose of showing the intent of the defendant in speaking the words complained of, but no damages can be given upon such repetitions or similar statements unless they are declared upon as causes of action. "Where the subsequent words impute the same crime, or may be fairly considered as equivalent to a renewal or repetition of the same defamatory charge as those already proved, they may be admitted as legitimate evidence of the original malice of the defendant speaker, but not as separate grounds of action where there is no additional count to embrace them." 13 Am. Eng. Ency. Law, 490. Although in *Morgan* v. *Livingston*, 2 Rich. (S. C.) 573, the court held that in order to show actual malice, publications of the slander, made more than six months before and after the action was commenced, may be proved, in *Howell* v. *Cheatham*, Cooke (Tenn.) 247, it is held that words spoken after suit brought cannot be given in evidence *quo animo* the words declared on were spoken, for they may be ground of another action. "In *Rustel* v. *Macquistor*, 1 Comp., the plaintiff having proved the words laid in the declaration, offered evidence of other actionable words spoken by the defendant after-

wards; and it was held by Lord Ellenborough that evidence might be given of any words, as well as of any acts, of the defendant to show *quo animo* he spoke the words which were the subject of the action, though it would be the duty of the judge to, tell the jury that they must give damages for the words only which were the subject of the action." 2 San. Pl. & Ev. 382. There being no presumption as to the date of the conversation to which Bicknell testifies, it must be held under the evidence to have taken place after suit brought. The language to which he testifies is also materially different from that alleged in the declaration. It is therefore not clearly within the extreme rule laid down in *Morgan* v. *Livingston,* while its admission is contrary to the rule applied in *Howell* v. *Cheatham.* The latter rule is believed to be the more consistent with the general principles of law and the better calculated to subserve the ends of justice. It is, therefore, applied here, and the statement of Dr. Bicknell held to have been improperly admitted. In view of ,the conflicting state of the evidence, its admission must also be held to have prejudiced the defendant in the trial.

Dr. W. S. Steele, a witness for the plaintiff, testified that in its common acception the word "pox," without any prefix, means syphilis, and explained the nature and peculiarities of that disease. Counsel for defendant claim the term is ambiguous and its meaning ought to be explained but that it can only be done by the persons who heard the words spoken. A motion was made to strike out the testimony of Dr. Steele and overruled, to which action an exception was taken. The definition given in Webster's Int. Dict. accords with that given by Dr. Steele. Words are to be construed in actions of this kind according to their common acceptation and it is for the jury to determine from the evidence what was meant. *Wright* v. *Page,* 36 Barb. (N. Y.) 438. This is certainly the rule in a case such as this, where there is no fact, circumstance or evidence from which it could appear that the words were used in a different sense. See also Newell on Def. Sl. & L., s. 768.

Only two witnesses, Isaac Swindell and one Hanse Brown, swear to the defendant having used the words declared upon. Walter Boyer testifies that he heard the defendant say Swindell had said to him that Mr. Breeden was treating his daughter for the disease. This is competent only for the purpose of showing the intent as already shown, but not to prove the speaking

of the words alleged. Swindell is impeached by six witnesses and no effort is made to sustain his character. Brown had testified as a witness for the defendant in the first trial and there is evidence tending to show that he had made statements out of court conflicting with his testimony in this tral. The defendant whose character is not directly attacked, denies, under oath, having ever used any of the language attributed to him. For these reasons it is insisted that the verdict should have been set aside as being against the preponderance of the evidence in the case. The principles announced in the cases of *Johnson* v. *Burns Bros.,* 39 W. Va. 658, and *Gilmer* v. *Sydenstricker,* 42 W. Va. 56, cannot be applied here. The verdict does not conflict with any controlling fact established in the case or any special circumstances which should have compelled a different finding. No such facts or circumstances appear in the case. Questions of fact and the credibility of the witnesses are for the jury, and the court cannot invade its province.

For the error hereinbefore noted, however, the judgment of the circuit court must be reversed, the verdict of the jury set aside and the case remanded for a new trial.

*Reversed and Remanded.*