(No. 1620, June 15, 1914)

JOHN W. COLBERT, Appellee, vs. JOURNAL PUB-
LISHING COMPANY, Appellant.

SYLLABUS BY THE COURT.

1. An erroneous overruling of a challenge for cause, even
though the peremptory challenges are thereafter exhausted,
will not warrant a reversal of the judgment, unless it is
further shown upon appeal that an objectionable juror was
forced upon the challenging party and sat upon the jury
after such party had exhausted his peremptory challenges.

P. 160

2. Where a libelous article does not name the person
alluded to therein, witnesses may testify that, on reading
the article they understood, from their acquaintance with
the plaintiff and the circumstances alluded to in the article,
that it was intended to refer to him.

P. 162

3. The admission of improper evidence of a fact in issue
is harmless when the verdict is supported by sufficient com-
petent evidence which is uncontradicted.

P. 163

4. Any false and malicious writing published of another

is libelous **per se**, when its tendency is to render him con-temptible or ridiculous in public estimation, or expose him. to public hatred or contempt, or hinder virtuous men from: associating with him.                                            P. 165

5. Malice in law is implied malice and arises by opera-tion of law when a publication is made without lawful ex-cuse.                                                           P. 166.

6. Actual malice or malice in fact, sometimes denomi-nated as express malice, implies personal hatred or ill will towards the plaintiff, or wanton disregard of the civil obli-gations of the defendant toward the plaintiff.

P. 166

7. Repetitions of the alleged defamatory matter, or other defamatory publications of a similar character, are admis-sible to show actual or express malice on the part of the defendant.

P. 166:

8. It is a well established principle of the common law that in actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive,, or vindictive damages upon a defendant, in a proper case, having in view the enormity of his offense rather than the measure of compensation to the plaintiff.

P. 167

9. A wrongful act punishable as an offense, does not. preclude exemplary damages therefor in a civil action sound-ing in tort.

P. 168.

10. Where specific objection is urged to an instruction: of the trial court, a ground other than that so presented for the consideration of the trial court cannot be urged as the basis of an assignment of error on appeal.

P. 169.

Appeal from District Court, Bernalillo County, Herbert F. Raynolds, Presiding Judge. Affirmed.

SUMMERS BURKHART AND EDWARD A. MANN, for Appellant.

Court erred in denying appellant's challenge for cause of juror. 45 Kan. 492; 29 Neb. 437; 9 Wash. 204; 32 Neb. 167.

Court erred in permitting witnesses to testify as to visit of Mrs. Colbert to California and return of child before she returned. 7 Wen. 560; 5 Johns 211; 34 N. W., p. 30; 73 N. Y. Supp. 245; 76 N. Y. Supp. 498; 33 Me. 322; 37 Pa. St. 120; 5 Dana (Ky.) 315; 50 Fed. 399.

Court erred in overruling appellant's motion for an instructed verdict. 25 Cyc. 253; 45 Pac. 747; 2 Harr. (Del.) 417; 13 Ency. Pl. & Pr. 36; Newell Libel & Slander, 2nd Ed., pp. 595-6-7; 5 Sandf. 54; 6 How. Pr. 99; 16 How. Pr. 322; 29 N. Y. 547; 33 Barb. 615.

Court erred in refusing instructions numbered 1, 2, 3, 4 and 5, asked by defendant. 21 How. 206; 64 Pac. 576; 105 Cal. 289-38; 75 N. W. 392; 11 Metc. 486; 16 Mich. 447; 50 N. J. L. 481; 171 N. Y. 439; 57 Wis. 570; 21 N. E. 904; 164 Ind. 426; 4 Cush. 273; 3 MacArthur (D. C.) 484; 16 Am. Rep. 270; 30 Am. Rep. 814; 25 Pac. 1072; 86 Pac. 1063; 104 Pac. 626.

MARRON & WOOD, for Appellee.

Undisputed competent evidence conclusively showed that plaintiff was person referred to. No injury done to defendant. 16 N. M. 114; 6 N. M. 266; 50 Fed. 399; 42 Pac. 209-211; 73 Pac. 556.

Court correctly ruled that article was libelous *per se.* 123 N. Y. 207.

No error in court's ruling on sufficiency of complaint. 31 Cyc. 760; 16 How. Pr. 3332; Newell on Libel & Slander, 2nd Ed., p. 607.

No error in overruling challenge to Juror Loken. 98 U. S. 145; 13 Mich. 224; 73 Pac. 556; 14 N· M. 147.

Not error to permit witnesses to testify as to who was meant by article, based upon both their knowledge and their information as to particular facts, and characteristics mentioned in article. 42 N. H. 137; 44 Cal. 541; 6 Cush. 71; 52 Ill. 236; 55 Vt. 311; 17 Ohio 475; 38 Pac. 130; 42 Pac. 209; 158 S. W. 656; 50 Fed. 399; 4 Am· Dec. 339; 3 Lawson Rights, Rem. & Pr., Sec. 1244; 2 Greenleaf Ev., Sec. 417; Ogden Libel & Slander 539; 25 Cyc. 582; 18 A. & E. Enc. 977.

No error in charges or refusals to charge of trial court on question of damages. 12 N. M. 419; 14 N. M. 546; 177 N. Y. 106.

### STATEMENT OF FACTS.

This cause comes up on appeal from a judgment for Three Thousand ($3,000.00) Dollars against the appellant, rendered on the verdict of a jury in the District Court of Bernalillo County· The action was brought by appellee for damages against appellant for an alleged libel. The complaint, after formal allegations of the residence of the parties and the corporate character of appellant and the fact that said corporation was the owner and publisher of the Morning Journal, thus sets out its alleged cause of action:

"That on or about the 17th day of November, 1912, and in its issue of the Morning Journal of that date the defendant wrongfully, unlawfully, wilfully and maliciously and with intent to injure and degrade this plaintiff and to cause it to be believed among his friends and associates and the public generally that he had been guilty of acts and conduct disgraceful to him às a member of society and which would bring him into contempt among honorable persons, published and circulated of, and concerning, this plaintiff, who though not expressly named in the article was therein described and intended to be referred to as a certain benedict, the said article containing, among other things, the false and libelous matter set forth in the state-

ment annexed hereto and marked Exhibit A, which is to be taken and considered as though here set forth in full, to the damage of this plaintiff in the sum of Ten Thousand Dollars ($10,000.00.)"

The answer admits the ownership and publication of the paper by appellant and the publication of the article set out as Exhibit A of the complaint, and denies each and every other allegation of the complaint.

Upon this issue the cause was tried to a jury and verdict for Three Thousand ($3,000.00) Dollars returned, upon which the court rendered judgment. A motion for a new trial was heard and overruled, whereupon appellant brings this appeal.

## OPINION.

HANNA, J.—The first error presented for our consideration by appellant, is predicated upon the denial of appellant's challenge for cause of the venireman, A. B. Loken. It is urged that this venireman had formed an opinion as to whether or not the article in question referred to appellee and had this opinion at the time he went into the jury box; and that his opinion was such as to require evidence to remove it.

The record discloses that appellant's challenge for cause to this venireman was disallowed by the trial court, and that appellant subsequently peremptorily challenged him and thereafter exhausted all its peremptory challenges, but it does not appear that an objectionable juror was forced upon appellant or sat upon the jury after appellant had exhausted its peremptory challenges.

In some jurisdictions it is held that an erroneous ruling, upon a challenge for cause, that a juror is competent, where the challenging party exhausts his peremptory challenges before the panel is complete, is ground for reversal. It is our opinion that the better rule is that an erroneous overruling of a challenge for cause, even though the peremptory challenges are thereafter exhausted, will not warrant a reversal of the judgment, unless it is further shown upon appeal that an objectionable

juror was forced upon the challenging party and sat upon the jury after such party had exhausted his peremptory challenges. Spies vs. People, 122 Ill. 1-250; 12 N. E. 865; Graff vs. People, 208 Ill. 312; 70 N. E. 299; National Bank vs. Schufelt, 5 Ind. Ter. 27; 82 S. W. 927; Johns vs. State, 55 Md. 350; Fleeson vs. Savage, etc., 3 Nev. 157; Ford vs. Umatilla County, 15 Ore. 313; 16 Pac. 33; Wooten vs. State (Tenn.) 41 S. W. 813; Endowment Rank K. P. vs. Steele (Tenn.) 69 S. W. 336; Johnson vs. State, 27 Tex. 758; Heucke vs. Milwaukee (Wis.), 34 N. W. 243; Pool vs. Milwaukee Mec. Ins. Co., 69 S. W. 65.

The reason, as well as the propriety, for this rule is well stated in Bank vs. Schufelt, 82 S. W. 928, in the following language:

"Although the peremptory challenges may have been exhausted before the completion of the impaneling of the jury, yet those who were afterwards taken may not have been objectionable. It is true they may have been, and, if they were, then the challenging party has suffered a wrong; but, if they were not, he has not been wronged, notwithstanding the fact that he was improperly forced to exhaust one of his challenges. Whether there were or were not objectionable jurors taken after the challenges had been exhausted, is a question of fact, and, as the presumptions are always to be taken favorably to the legality of the verdict and the proceedings of the court, he who charges that it was wrongfully procured must prove it; not that the juror whom the party was forced to challenge was disqualified, and subject to challenge for cause, but that some juror who tried the case was disqualified or objectionable. 'In all cases where the rulings of the trial court are questioned on error or appeal, those rulings are presumed to be correct until the contrary is shown. It will therefore be presumed, until the contrary appears by the record, that the jurors who tried the case were posessed of the qualifications required by law.' 1 Thompson on Trials, 118." See also Thompson on Trials, Vol. 1, Sec. 115.

For the foregoing reasons we are unable to see wherein appellant was injured by the overruling of appellant's challenge for cause of the venireman, Loken, and cannot consider the assignment well taken, though it be conceded that the assignment is well taken which we do not consider it necessary to pass upon.

The second assignment of error relied upon by appellant is that three witnesses, Walton, Frank and Wroth, were permitted to testify as to the visit of the wife of appellee to California and return of the child before she returned, because the testimony was shown to be hearsay and not upon the knowledge of the witnesses. In connection with this assignment it is urged that one of the most material questions for the jury to determine was whether or not the article, in question, did, in fact, refer to appellee, and that testimony bearing upon such question should be subject to the same rules as that of any other testimony with reference to facts material to the issue being tried.

While it is undoubtedly true that the meaning of the defendant, whether the libel was of and concerning the plaintiff, are questions for the jury, under the instructions of the court, and that the authorities are in conflict as to whether the understanding or impression of witnesses who have read the objectionable article can be received as evidence of such facts, nevertheless we are of the opinion that the greater weight of authority is to the effect that when the words are ambiguous as to the person referred to, and their application doubtful, persons who read the libel, and are acquainted with the parties and the circumstances, may state their judgment and understanding as to whom the libelous charges referred. Smart vs. Blanchard, 42 N. H. 137-146; Russell vs. Kelly, 44 Cal. 641; 13 Am. Rep. 171; Miller vs. Butler, 6 Cush. 71; 52 Am. Dec. 769; Nelson vs. Borchenius, 52 Ill. 236; Knapp vs. Fuller, 55 Ver. 311; 45 Am. Rep. 618; McLaughlin vs. Russell, 17 Ohio 475; State vs. Mason (Ore.), 38 Pac. 130; People vs. Ritchie (Utah), 42 Pac. 209; Peak vs. Taubman (Mo.) 158 S. W. 656; 2 Greenleaf Evid., Sec. 417.

We are, therefore, of the opinion that the evidence in question was admissible, except so far as it proved to be hearsay, which was the case, in part at least, with respect to the testimony of the three witnesses referred to. The record, however, discloses that there was ample evidence, concerning which there is no objection, tending to establish that appellee was the person referred to in the article in question. We have heretofore pointed out in this opinion that appellant did not attempt to controvert this issue, as a matter of proof, and we, therefore, cannot see how it can be said to have been prejudiced by the admission of hearsay testimony upon an issue uncontroverted as to evidence, and amply proven by other competent evidence.

The incompetent evidence complained of cannot be said to be of such a character as to affect the substantial rights of the defendant or to go to the merits of the cause. The visit of the wife to California and subsequent return of the child was proven by other competent evidence, and, in fact, was not disputed by any testimony of the defense.

In this connection the rule has been declared to be that:

"Where there is no conflict of evidence, or where the conflict is so slight as to be undeserving of serious consideration, then there is no reason why the appellate tribunal may not say from an examination of the record that no harm was done by the wrong ruling letting in the incompetent evidence or keeping out the competent." Elliott's Appellate Procedure, Sec. 670.

We are of the opinion that the admission of improper evidence of a fact in issue is harmless when the verdict is supported by sufficient competent evidence which is uncontradicted. The authorities are numerous upon this proposition and we cite, with approval, the following: Hauck vs. Mishawaka (Ind.) 60 N. E. 162; Fike vs. Ott (Neb.) 107 N. W. 744; Upchurch vs. Nizell, (Fla.) 40 So. 29; Prescott vs. N. W. Ry. Co., (Ark.) 67 S. W. 864; Bluthenthal vs. Case (Ga.), 33 S. E. 996; West Chicago St. Ry. Co. vs. Kennelly (Ill.), 48 N. E. 996;

Clough vs. Hilliard (Iowa), 76 N. W. 726; Harper vs. Weikel (Ky.), 89 S. W. 1125.

Error predicated upon the overruling of the appellant's motion for an instructed verdict is next presented for our consideration. The first ground for this motion was that the publication is not libelous, *per se*. It is contended that the article in question simply charged that appellee had expressed and implied an intention to obtain a divorce from his wife and marry another, a thing which the law does not forbid, and which does not degrade one socially, or bring one into contempt or ridicule.

Appellant has adopted an altogether too favorable construction of this article with which we find ourselves unable to agree. The article charged that:

"A certain benedict is furnishing real food for conversation by his expressed and implied intention to divorce his wife and marry the charming little widow with whom he has been seen so constantly of late.

"The prolonged absence of the wife, and the recent removal of the baby from the mother's care to that of the widow, add color to the rumors which are further substantiated by the widow herself, who is said to make no secret of existing conditions.

"Very frankly and none too gently, she breaks it to her intimate friends, that the couple have never been happy; that conjugal troubles of long standing will find their way to the august judgment-seat of the divorce court, and that after all is said and done she intends to become the second wife of the would-be divorced man.

"Delightfully frank, but hardly refreshing. Certainly highly interesting evidence of the danger of leaving a husband home to the tender mercies of one's best friend.

"That this particular couple contemplate a deviation from the straight double harness jog trot, comes as genuine surprise to their numerous friends in Albuquerque, who had always considered them a shining example of marital happiness. The man stands high in professional circles and his wife is prominent socially. The disarrangement of this supposedly happy scheme of existence is a

downright shock to many and unfortunately for all concerned, the thing seems to be proclaimed through Gossip's megaphone for the edification of the town at large.

"It really looks as though we will wake up some fine morning to learn that muffled wedding bells have chimed in the night unless—well, fickleness has been known to turn upon itself, you know. Divorce proceedings take time and time affords opportunity a-plenty for men of fickle nature and wayward fancies to—change their minds. As says Owen Meredith: ' 'Tis not that I expect to find a more devoted, fond or true one; Enough for me that she's a new one.' "

It is plain that this article had a tendency to bring the plaintiff into disrepute and subject him to ridicule if not to public contempt, and would at least lower him in the estimation of his fellow citizens.

We agree with Mr. Cooley's statement of the general rule upon this subject:

"Any false and malicious writing published of another is libelous *per se,* when its tendency is to render him contemptible or ridiculous in public estimation, or expose him to public hatred or contempt, or hinder virtuous men from associating with him." Cooley on Torts (3rd Ed.) 401; Newell on Slander and Libel, p. 43; Morey vs. Morning Journal Ass'n., 9 L. R. A. 621; Republican Pub. Co. vs. Mosman, 24 Pac. 1051.

It has been held that any words which tend to lower the plaintiff in the estimation of his friends are libelous *per se.* Jones vs. Roberts, 73 Vt. 201; 50 Atl. 1071.

We therefore do not consider that the trial court **4** was in error in treating the publication as one libelous, *per se.*

The second ground of the motion for a directed verdict was that the complaint was insufficient in that it failed to set out the proper inducement and innuendo.

It is conceded by appellant that if the words used are unequivocal and actionable *per se,* and point with certainty to the person to whom they are intended to apply, it is not necessary to set forth any extrinsic facts to make

them actionable. In view of our conclusion upon the first ground of the motion it is, therefore, unnecessary to further consider the second ground.

The third ground of the motion was that there had been a total failure of proof by competent evidence. We have heretofore considered one of the points under this ground, i. e. the application of the article in question to plaintiff, and it only remains, therefore, for us to consider the alleged failure of proof of express malice.

The authorities in speaking of malice as an element in libel or slander, divide it into two classes, to-wit, malice in law and malice in fact. Malice in law is implied malice and arises by operation of law when a publication is made without lawful excuse. Times Pub. Co. vs. Carlisle, 94 Fed. 762. Actual malice or malice in fact, sometimes denominated as express malice, implies personal hatred or ill will towards the plaintiff, or wanton disregard of the civil obligations of the defendant toward the plaintiff. Jillison vs. Goodman, 43 Maine 287; 69 Am. Dec. 62; .Childers vs. San Jose, etc., 38 Pac. 903; Cooley on Torts (3rd Ed.) Sec. 245; Odgers on Libel and Slander (5th Ed.), 341 et seq; 25 Cyc. 372; Times Pub. Co. vs. Carlisle, 94 Fed. 762.

It has been quite generally held by the courts of this country that repetitions of the alleged defamatory matter or other defamatory publications of a similar character are admissible to show actual or express malice on the part of the defendant. Ransom vs. McCurdy, 140 Ills. 626; Meyer vs. Bohlfing, 44 Ind. 238; Sharp vs. Bowlar, 103 Ky. 282; Bailey vs. Bailey, 94 Iowa 598; Davis vs. Starrett, 97 Me. 568, 55 Atl. 516; Hastings vs. Stetson, 130 Mass. 76; Frederickson vs. Johnson, 60 Minn. 337, 62 N. W. 388; Krup vs. Corley, 95 Mo. App. 610; Enos vs. Enos, 135 N. Y. 609; Cavanaugh vs. Austin, 42 Vt. 576; Hansbrough vs. Stinnett, 25 Gratt 495; Swindell vs. Harper, 51 W. Va. 381, 41 S. E. 117; Odgers, p. 349; Newell (2nd Ed.), p. 349.

In the present case there appears to have been a republication of the original article, and other publications

with reference thereto, which having been proven, furnishes the evidence of express malice, or malice in law, asserted to be lacking in this case.

Appellant assigns error in refusal of trial court to give requested instructions numbered 1, 2, 3, 4, and 5.

Instructions numbered 1, 2, and 3 relate to the rule with reference to vindictive or punitive damages and were to the effect that no damages of this character could be recovered in the absence of proof of express malice.

We have already discussed the element of express malice and will, therefore, briefly consider appellant's contention that this court having under consideration a .question of first impression should not adopt the rule authorizing punitive damages generally in cases of tort; and, the further contention that where the wrong complained of also constitutes a crime, punitive damages should not be allowed. In this connection we observe appellee's contention that neither of these points were raised upon the trial, but we are of the opinion that appellant's requested instruction No. 4 was probably sufficient to raise the questions and in view of the importance of this case, we will resolve the doubt in favor of appellant and consider the question as one properly raised.

With the contention of appellant, however, we are unable to agree. As stated in the brief of appellee, under the common law of England, expressly adopted in this jurisdiction by statute, punitive damages were allowed in cases of tort where gross negligence, malice, or other circumstances of aggravation are shown, and until our legislature provides a different rule upon the subject, it is our duty to declare and enforce the common law rule.

We fully agree with Mr. Justice Grier who, in the case of Day vs. Woodworth, 13 How. 371, said:

"It is a well established principle of the common law, that in actions of trespass and all actions on the case for torts, a jury may inflict what are called, exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense, rather than the measure of compensation to the plaintiff."

The conflict of authority upon this question and merit thereof is fully discussed by Mr. Sedgwick in his work on Damages. (Vol. 1, 9th Ed., Secs. 347 et seq.), and after careful consideration we see no logical reason for a departure from the general trend of American authority.

Respecting the other phase of appellant's contention, we concede that some jurisdictions have held that the doctrine of exemplary damages does not apply to actions for wrongs which are also criminal offenses. The great weight of authority, however, is to the contrary. 1 Sedgwick on Damages (9th Ed.), Sec. 386.

As stated by the Supreme Court of Wyoming: "Where the act is punishable criminally, the judgment for the act as an offense against the criminal laws is for the wrong done the public, while the damages awarded in a civil action, although punitive and inflicted by way of example and punishment, are for the offense committed wantonly or maliciously against an individual sufferer." Cosgriff. vs. Miller, 10 Wyo. 190, 68 Pac. 206, at 217.

It is our opinion, therefore, that a wrongful act punishable as an offense, does not preclude exemplary damages therefor in a civil act sounding in tort. Summers vs. Keller, 152 Mo. App. 626, 133 S. W. 1180. See also Anderson vs. International Harvester Co., etc. (Minn.), 116 N. W. 101, 16 L. R. A. (N. S.) 440, and case note.

Appellant having failed to argue that portion of this assignment pertaining to the refusal of the trial court to give its requested instructions numbered 4 and 5, is deemed to have waived same.

The appellant assigns error in giving instructions numbered 1, 3, 5, 10 and 14, as given by the trial court.

The ground of exception to the first instruction is that it did not clearly indicate to the jury that the publication of the article in question, contained in the Morning Journal of November 17th, was the only article to be taken into consideration insofar as the damage suffered by plaintiff was concerned. The instruction advised the jury that the plaintiff sought to recover damages for the publication

of defamatory matter in its issue of November 17th, 1912, and that the second cause of action was not before the jury for consideration, which had to do with the re-publication of the article in question, on November 24, 1912. This we consider sufficient and not calculated to mislead the jury.

Instruction No. 3, it is argued, in effect said to the jury that the defendant was a corporation and must act through agents, and is liable for the acts of those agents and must assume and bear the responsibility for their acts done in the course of employment. It being contended by appellant that this would not be correct, as a proposition of law, insofar as any punitive or exemplary damages are concerned unless it is shown that there was malice, in fact, either in the publisher or in the writer of the article, and that such article was written with the knowledge and consent of the defendant or ratified by it, knowing it to be false and with express malice.

We cannot agree that this instruction dealt with the subject of damages, or that the objection of appellant to this instruction, as here set forth, was presented for the consideration of the trial court by specific exception. The exception to this instruction, as it appears in the record, specifying other grounds of objection.

Where specific objection is urged to an instruction of the trial court, a ground other than that so presented for the consideration of the trial court cannot be urged as the basis of an assignment of error on appeal.

The objection of appellant might possibly have been urged to the court's instructions numbered 11 and 12, upon punitive damages, but not being addressed to these instructions and not having been sufficiently presented for the consideration of the trial court, we are unable to now give consideration to the questions as raised.

Appellant has not argued its grounds as to the remaining instructions included within this assignment, and we, therefore, consider them waived.

Finding no error in the record, the judgment of the District Court is affirmed, and it is so ordered.

### SYLLABUS BY THE COURT.

