# SUPREME COURT.

## JESSE N. BOLLES, Receiver, &c., agt. JOHN A. DUFF, Receiver, &c.

Where an individual is declared by the court to be a *mortgagee in possession* of mortgaged premises, and in effect to be a *trustee of the equity of redemption* of such premises, and is subsequently appointed *receiver* of the same property, his claims and interests, individually, must not be permitted to interfere with his duties as receiver, or with the purposes or interests for which he was appointed.

In this case, *held*, that it was the duty of the defendant *as receiver*, to increase the surplus beyond what should be found due him as mortgagee, by getting as large a rental as he reasonably could for the trust property, (the Olympic Theatre in the city of New York).

That the circumstances under which the order appealed from was made, authorizing the defendant, as receiver, to lease the premises to the lessee therein named, show that it was highly probable that the defendant did not make his application to the court with the good faith and impartial and disinterested purpose called for by his office or position of receiver; and such circumstances also show that the court should have carefully scrutinized the application and that the order should not have been made without further inquiry, by a reference or otherwise, as to the situation and value of the property, and the propriety of making the order.

*Held* also, that the order appealed from, was inadvertently made, without sufficient consideration being given to the circumstances, and that the application for it was made by the receiver with a motive or purpose, inconsistent with his duty and position as receiver. The order *reversed* with the privilege to the present lessee to hold the premises for one year from the date of his lease.

*First Judicial District, General Term, January,* 1869.
*Before* CLERKE P. J. BARNARD *and* SUTHERLAND, *JJ.*

APPEAL from an order made at special term, by Judge BARNARD, on the third day of August, 1868, authorizing defendant Duff, as receiver, to lease the premises known as the Olympic Theatre, in the city of New York, to James E. Hayes, for the term of three years, from the 1st day of September, 1868.

B. C. THAYER, *for plaintiff, appellant.*
A. OAKEY HALL, *for defendant, respondent.*

*By the court,* SUTHERLAND, J. Preliminarily to the argument of this appeal, the majority of the court decided that

the papers handed or sent to the judge, who made the order appealed from, upon due notice to the attorney for the defendant, after the argument and submission of the motion, had been properly printed as a part of the appeal papers, were to be considered by the general term, in determining the questions presented by the appeal.

As to these papers, the majority of the general term substantially held, if the learned judge who made the order appealed from, did not consider them in making the order, as it appears from his opinion he did not, he ought, considering the nature of the order asked for, and the circumstances under which it was made, to have done so.

The decree of Judge POTTER, declared the defendant Duff to be a mortgagee in possession, but it also, substantially or in effect, declared him to be a trustee of the equity of redemption; and he being such mortgagee and trustee, the court appointed him receiver also.

By accepting the office or position of receiver, he must be deemed to have assumed the duties and responsibilities of a receiver unqualified or unmodified by the fact or circumstances, that he had been declared to be a mortgagee in possession, or by the fact or circumstances, that he claimed the decree to be erroneous, and that he was, and finally might be held, to be the absolute owner.

His relations, claims and interests as to the property, might have been, and probably was, urged against the fitness of his appointment as receiver, but having been appointed, and having accepted such relations, his claim and interest must not be permitted to interfere with his duties as receiver, or with the purpose or interests for which he was appointed.

He was declared a trustee, and appointed a receiver, upon the theory that he was sure to receive the amount found due him as mortgagee as the result of the accounting; and that there would and might be a surplus for distribution among the creditors of John M. Trimble. The duties and

position of the defendant relative to the trust property, must for the purpose of this appeal be considered as fixed by the decree of Judge POTTER, and by the defendants acceptance of the office or position of receiver.

His duty as reciver clearly was, to increase the surplus beyond what should be found due him as mortgagee, by getting as large a rental as he reasonably could for the trust property; and on his application to the court as receiver, for authority to have it leased, it was his duty to lay before the court all the information he had, or could with reasonable diligence have acquired as to the situation and value of the trust property.

In my opinion, the circumstances under which the order appealed from, was made show that it was highly probable that the defendant did not make his application to the court with the good faith and impartial and disinterested purpose, called for by his office or position of receiver, and these circumstances also, in my opinion show, that the court should have carefully scrutinized the application, and that the order should not have been made without further inquiry, by a reference or otherwise, as to situation and value of the property, and the propriety of making the order.

I will refer to some of these circumstances as shown by the papers,

1st. The application was for authority to lease to Hayes, the son-in-law of the receiver, and not an application for authority to lease to whoever might be found willing to take a lease upon terms and conditions most advantageous for the trust estate, or those whose interests were represented by the receiver.

2d. The provisions in the order of Judge SMITH, restraining the receiver from making any new lease to Hayes, or extending or renewing the lease to him, without the special leave of the court, granted on due notice to the plaintiff's attorney, should have led the court to carefully scrutinize the motive or purpose of the application, which

was virtually an application to renew or extend a lease to Hayes, and should have led to further inquiry, as to the condition and value of the trust property, and the propriety of making the order before making it.

3d. The circumstance that the application came before the court supported by verified opinions of certain individuals, as to what would be a fair rent for the property without including scenery, properties, &c., which opinions were given and verified in answer to the receiver carefully put, as to what would be a fair rent per year, without including scenery, properties, &c., and which opinions were *ex parte*, and preliminarily obtained for the purposes of the application, should have induced the same scrutiny of the motives and good faith of the application; and should have led to further inquiry, as to the condition and value of the property, and the propriety of making the lease; and especially as to the propriety of leasing the theatre without scenery, &c., the papers showing that there was a large amount of scenic and other properties belonging to the theatre and to the trust estate, which it would have been most advantageous to have leased with the theatre.

4th. The verified opinions of Earl, Hess, Gibson, Barnum, Taman and Morris, that $20,000 would be a fair annual rent for the theatre, without scenery, &c., and the verified opinions of several of them, that with scenery, &c., from $22,000 to $25,000 would be a fair rent; and that to rent the theatre, without scenery, &c., would be a sacrifice to the estate, as the scenery, &c., would be of little use, if removed from the theatre, certainly should have led to the same scrutiny of the motive and good faith of the application, and to further inquiry on the part of the court, especially as to whether the scenery, &c., belonging to the theatre, and the trust estate should not be leased with the theatre.

5th. The unverified offer of Barney Williams, by letter to take a lease, for one, two, three, four or five years, at the yearly rent of $21,000, with security if required, of the

theatre, scenery, &c., belonging to the trust estate, (which offer appears to me perfectly consistent with the previous verified opinion, which the defendant had obtained from him, as to rent without scenery, &c.,) and his subsequent letter increasing this offer to $25,000 per year and the offers of Mr. Linn and Mr. Hess, by letters, to take a lease, for one, two or three years of theatre and scenery, &c., belonging to the trust estate, the one at a rent of $25,000, with security, and the other, at a rent of $22,000, with security, should certainly have induced the same scrutiny, as to the motive and good faith of the application, and should have led the court to make further inquiry as to the condition and value of the trust property, by a reference or otherwise, before granting the application, and making the order appealed from.

Without referring specially to other circumstances appearing on the face of the papers, I think, those which have been mentioned, show that the order appealed from, was inadvertently made, and that the application for it, was made by the receiver with a motive or purpose inconsistent with his duty and position as receiver.

I do not see the force of the circumstance suggested in support of the order, that Mr. Hayes had under the first lease, expended a large sum of money for permanent improvements, &c. Mr. Hayes and the receiver must be presumed to have known the law, and the terms of this prior lease, and that such of these improvements, as were fixtures, as between tenant and landlord, increased the value of the property, and called for an increased annual rent.

I will add that the strenuous efforts of the defendant as receiver, through eminent counsel, to retain the order as made, without reversal or modification, should lead us to susspect the good faith of his application as receiver, from the order appealed from; for as receiver, he cannot be permitted to say that he had or has, any interest other than his representative or official interest, as receiver, or indeed, any inter-

est, to be, or which can be, prejudiced, impaired or affected, by a reversal, or modification of the order.

Upon the whole, I think the order should be reversed, as made inadvertently, and without sufficient consideration being given to the circumstance, that the defendant made the application as receiver, or to the conceded circumstances under which it was made, tending to show at least, that the receiver might have made and supported his application with a purpose inconsistent with his duty as receiver.

But I do not think Mr. Hayes, the lessee, should suffer all the probable consequences which would follow, from an absolute, unconditional reversal of the order.

I think the order of reversal should have a provision or condition inserted in it, that such reversal shall not impair, or any way prejudice Mr. Hayes's possession or rights under the lease, for and during the residue of the first year of his term, that is, not before or until the first day of September next, (1869), but that from and including the first day of September next, (1869), the lease shall be void and of no effect, and that he, continuing in possession thereafter, shall be considered as a tenant holding over without the permission of his landlord, after the expiration of his term, and as in contempt of such order of reversal.

I am not sure, that it would be right to back up Mr. Hayes, in the height of the current theatrical season, and therefore I think the order of reversal should be conditional as above stated.

The order should also be reversed without costs to either party.