## HAYES *v.* HAYES.

In winding up the affairs of a copartnership, each partner must be reimbursed for his contributions to the capital stock before anything can be divided as surplus profits.

BILL IN EQUITY, in which the plaintiff prays for a receiver, that the copartnership business between the parties may be wound up, the debts due to and from the firm ascertained and paid, and the surplus stock and assets divided between the partners. July 9, 1889, a receiver was appointed, and the parties enjoined from intermeddling with the firm property, and August 5 the cause was

heard at the trial term upon the bill, answer, and proofs, and the following facts, among others, were found: November 9, 1887, the parties entered into copartnership for five years, under written articles, for the purchase and sale of such goods as are usually kept by wholesale and retail dealers in liquors, with stipulations, among others, that the defendant should contribute the stock and fixtures in the store then occupied by him; that the plaintiff (son of the defendant) should give his full time and attention to the business, and do all work necessary for carrying it on; and that all the expenses of the business should be borne in common and all the profits equally divided. In accordance with the agreement, the defendant contributed the stock of goods (consisting principally of liquors) and the fixtures (of which no inventory was taken), as the capital stock of the firm, and the plaintiff contributed nothing towards it. The value of the goods and fixtures was from $4,000 to $8,000. The business of the firm other than dealing in liquors was inconsiderable, and merely a cover to conceal the illegality of their liquor-selling. July 2, 1889, the defendant took possession of the goods and property of the firm, excluded the plaintiff from the store, and declared the copartnership terminated. No account of money drawn out by the partners was kept by either, but each was satisfied that the amount drawn out by the other was not more than his share of the profits. Upon an appraisal of the firm property, made August 1, 1889, by appraisers mutually agreed upon by the parties, there was found to be a surplus of $3,603.77.

The trial court ruled upon the foregoing facts that the surplus must first be applied to reimburse the defendant for the amount of capital stock contributed by him at the formation of the partnership, and that upon a statement of accounts most favorable to the plaintiff there is no surplus of profits to be divided, and thereupon discharged the receiver, dissolved the injunction, and ordered the bill dismissed;—to all which the plaintiff excepted.

*Burnham & Brown*, for the plaintiff.

*Sulloway & Topliff* and *D. F. O'Connor*, for the defendant.

BLODGETT, J. The exceptions are groundless. Irrespective of the question whether the case is one of which equity may properly take cognizance, the plaintiff fails to show any equitable ground for relief. The profits of any business are of course only what remains after deducting debts, expenses, and the capital paid in. When, therefore, partners have advanced unequal capitals, and have agreed to share profits and losses equally, the rule, supported alike in reason and by authority, is, that upon a dissolution each partner is entitled to his advance before a division, and a deficiency in the capital must be treated like any other loss, and borne equally by the parties.

The application of this rule (and we have yet to find a case in which a different rule has been applied) to the facts as reported is not only decisive against the plaintiff's right to any portion of the firm's assets, but it subjects him to contribution on account of the existing deficiency in its capital.   Certainly, then, it is not for him to complain if equity leaves him where it finds him.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.