Mary Harris, Respondent, *v.* Charles H. Taylor and Others, Defendants ; William C. Lesster, Appellant.

*Mortgage foreclosure — receivership of the rents of the mortgaged premises — the mortgagee is only entitled to them in case of a deficiency upon the sale.*

In an action brought to foreclose a mortgage it is improper for the court to appoint, pending the action, a receiver of the rents of the premises and to direct him to pay them, after deducting certain disbursements, to the plaintiff in the action; the plaintiff is only entitled to the rents in case a deficiency results upon the sale.

*Semble,* that the order appointing the receiver should require him to hold the rents to abide the result of the sale.

Appeal by the defendant, William C. Lesster, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of July, 1897, denying his motion to vacate or modify an order appointing a receiver in this action of the rents of the premises affected thereby, and directing that the receiver pay such rents to the respondent.

*J. Baldwin Hands,* for the appellant.

*William H. Harris,* for the respondent.

Per Curiam :

This action was brought to foreclose a mortgage on real property on which there were several prior mortgages.  The appellant was a

FIRST DEPARTMENT, NOVEMBER TERM, 1897.        [Vol. 22.

mortgagee, and also held an assignment of the rent of the mortgaged premises to the extent of $200 a month. An order was made appointing a receiver of the rents in this action, and the receiver was directed, after making certain disbursements, to pay over such rents to the plaintiff to apply upon her mortgage. A motion was made to vacate or modify this order by striking out the provision directing the receiver to pay over the rents to the plaintiff. This motion was denied, and from such denial the present appeal is taken.

We think that the court should have granted the motion so far as to direct the receiver to retain the rents. The plaintiff in this action was entitled to the rents only in case there was a deficiency upon the sale of the premises. If the premises realized sufficient to pay the mortgage, then the rents belonged either to the owner of the equity of redemption or to his assignee.

The order appealed from should, therefore, be reversed, and the order appointing the receiver modified by striking out the provision requiring him to pay over the rents to the respondent, without costs.

Present — VAN BRUNT, P. J., BARRETT, RUMSEY, WILLIAMS and PATTERSON, JJ.

Order reversed, and order appointing receiver modified by striking out the provision requiring him to pay over the rents to the respondent, without costs.