NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, APPELLEE, v. CARLOS C. BURR ET AL., APPELLANTS.

FILED SEPTEMBER 19, 1900.   NOS. 9,280 AND 9,281.

1. **Foreclosure: RECEIVER: RENTAL: AUTHORITY OF RECEIVER: REDUCTION OF RENT.** In an action to foreclose a real estate mortgage, the district court has power to appoint a receiver, whose duty it is, under ordinary circumstances, to rent the mortgaged property, if it is rentable. And the duty to rent implies authority to reduce rents, at the expiration of existing leases, if such reduction is necessary to secure tenants and make the property productive.

2. **Evidence: FINDING.** Evidence examined, and found to support the findings of the court.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*S. B. Pound* and *Roscoe Pound,* for appellants:

*Lambertson & Hall, contra:*

The trial judge is the proper judge of the weight and

credibility of the evidence. *Worthington v. Worthington,* 32 Nebr., 334.

SULLIVAN, J.

These cases were commenced by the Northwestern Mutual Life Insurance Company to foreclose two real estate mortgages. By agreement of the parties, William P. McLaren was appointed receiver in each case and, having qualified as required by the statute, entered upon the discharge of his trust. The mortgaged property, being business blocks in the city of Lincoln, was occupied by tenants whose leases expired after the actions were instituted and the receiver appointed. McLaren renewed some of these leases and reduced the rents. Whether he had authority to make such reductions and, if so, whether he acted wisely in the premises are the questions here presented for decision.

A receiver may be appointed in cases of this kind; and it is his duty to make rentable property productive. This implies, of course, the necessity of reducing rents whenever business conditions, or other circumstances, require a reduction. The trial court found from the evidence in these cases that the receiver managed the property in his hands with prudence and fidelity, and that in reducing rents, he only did what was necessary to secure tenants and obtain an income from the mortgaged premises. We think the finding is supported by sufficient evidence and that the order confirming the receiver's report should be

AFFIRMED.