WESTERN UNION TEL. CO. v. BOSTON SAFE–DEPOSIT & TRUST CO.

BOSTON SAFE–DEPOSIT & TRUST CO. v. WESTERN UNION TEL. CO.

(Circuit Court, S. D. New York. November 9, 1900.)

TRUSTS—EXPENSES OF ADMINISTRATION—SUIT TO DETERMINE RIGHT TO FUND.
 A trustee is required to protect diligently and faithfully the interests
 of the beneficiaries, and all of them; and where he acts with prudence,
 discretion, and economy he is entitled to be reimbursed for the costs and
 expenses incurred in the administration of·the trust. He is also entitled
 to the judgment of the court upon the demands of rival claimants to the
 fund, and, where he has invoked such judgment before paying over the
 fund, neither he nor the unsuccessful claimant can be required to pay
 the costs and expenses of the proceeding unless they have been guilty
 of vexatious conduct or bad faith, but such costs and expenses are a
 charge upon the general fund.

In Equity. On exceptions to master's report.
For former opinion, see 87 Fed. 788.

Rush Taggart, for complainant.
William G. Wilson, for defendant.

COXE, District Judge. The master was appointed to report the amount due the Western Union Telegraph Company "after allowing to said trustee (the trust company) all its just and proper charges and expenses in the premises." The master reported that the telegraph company should be allowed "in the original litigation for services of attorneys $3,000 and for nontaxable disbursements $1.19. In the present suit, for services of attorneys $1,000 and for disbursements $159.27." The telegraph company does not dispute the fairness of those charges or the accuracy of the disbursements, but insists that it should not be called upon to pay them. This is the question presented by the exceptions.

The master has done exactly what he was directed to do. He was told to deduct from the amount to be paid the telegraph company all just and proper charges and expenses incurred by the trust company. He has done so. He was not directed to ascertain these amounts and charge them to the beneficiaries for whose benefit it is alleged they were incurred. He was not directed to report the amounts, so that the court could subsequently apportion them as it might then be advised. The decree was mandatory and explicit. It said to the master, "First, find out the aggregate of the charges and expenses; and, second, deduct this amount from the sum total in the hands of the trust company. The·balance is the amount due the telegraph company and the other beneficiary." There is force in the suggestion that this question is determined by the decree and cannot be reviewed upon exceptions to the master's report. It is, however, clear that the court has power to alter an interlocutory decree to correct a mistake or prevent injustice and the question may as well, therefore, be determined on the merits.

Is the trustee entitled to deduct the amounts referred to before turning over the fund in its possession to the beneficiaries? The duty of a trustee in such circumstances is clearly defined. He is

required to protect diligently and faithfully the interest of the beneficiaries, and all of them, and he is entitled to be reimbursed for expenses honestly incurred in the administration of the trust. He is not called upon to assume any personal risk and is entitled to the judgment of the court upon the demands of rival claimants to the fund. So long as he acts with prudence, discretion and economy in the management of the estate and in the examination and ascertainment of claims, his expenses should be paid from the general fund. Where he has invoked the sanction of the court before paying over the fund, in the case of contesting claimants, no authority has been cited for the proposition that the costs and expenses of the proceeding should be saddled upon the trustee or the unsuccessful claimant unless they have been guilty of vexatious conduct or bad faith. In the case at bar the expenses allowed are those of securing the fund in the original suit, and, subsequently, the expenses of ascertaining by judicial decree to whom it belonged. There never was a period when the trust company could safely have paid the fund to the telegraph company without the protection of a decree. The court is of the opinion that the trust company acted throughout with wisdom and prudence and is entitled to the allowance of the sums in question which are conceded to be fair and reasonable. The exceptions are overruled and the report of the master is confirmed.