## RUSSELL *v.* BERRY.

### Opinion delivered April 5, 1902.

HOMESTEAD—EXEMPTION.—The exemption of a homestead from execution extends to coal underlying the surface of the earth.

Appeal from Pope Circuit Court.

JEREMIAH G. WALLACE, Judge.

Affirmed.

#### STATEMENT BY THE COURT.

W. H. Miller was the owner of a rural homestead, consisting of about 160 acres, which was underlaid with coal. Miller had opened up mines on this land, and had worked the mines in a small way, and marketed the coal, and had also at times leased these mines to be operated for the purpose of mining coal. After his death his widow and children remained in possession of the homestead, and the widow and the guardian of the children claim the right to lease the mines on the land for the purpose of mining. Miller died owing debts which have been probated against his estate to the amount of about $500. There being no personal assets out of which to pay the debts, the administrator of the estate filed his petition in the probate court, alleging that the coal underlying the land was not a part of the homestead or essential to its enjoyment, and asked for an order to "sell said coal in place or to lease the privilege of mining the same as to the court should seem most proper."

The probate court held that the coal underlying the homestead land was a part of the homestead, and refused to grant the

order prayed for. On appeal to the circuit court the judgment of the probate court was sustained, and the petition dismissed. The administrator appealed.

*Dan B. Granger,* for appellant.

Homestead is only a qualified and possessory right to land, and not an absolute fee to the land for all purposes. 29 Ark. 407; 28 Ark. 485; 63 Ark. 303; 58 Ark. 298; Thompson, Home. & Ex. 100, 102, 104. General character and use of homestead. 22 Ark 400; Thompson, Home. & Ex. 100, 102, 104, 106. No claim can be made to anything under the homestead right which is not ancillary thereto. 18 Kan. 258; 22 Kan. 594; S. C. 31 Am. Rep. 200. Unless the estate was free from debt, the widow had no right to mine the coal by virtue of her dower interest. 58 Ark. 298; Sand. & H. Dig., § 80; Thompson, Home. & Ex. § 635. See also upon the case, generally: *id.* §§ 110-124, 130, 131, 133-136, 145, 149; 18 Kan. 258; 20 Kan. 670; S. C. 27 Am. Rep. 197; 22 Kan. 594; S. C. 31 Am. Rep. 200; 4 Ia. 368; S. C. 68 Am. Dec. 663; 9 Wis. 70; S. C. 76 Wis. 244; 12 Wis. 698; 16 Wis. 114; S. C. 82 Am. Dec. 710.

*R. B. Wilson,* for appellee.

The widow and children are entitled to the profits of the homestead. Const. Ark., § 6, art. 9. The term "profits" is broad enough to include the coal in controversy. Rap. & Law, Dict.; Bouv. Dict.; 85 Ga. 685.

Riddick, J., (after stating the facts.) The only question in this case is whether coal which underlies land of a homestead is a part of the homestead. It is admitted that the value of this homestead is not over $2,500, and if this stratum of coal which underlies the homestead land is a part of the homestead, it follows that it cannot be reached by the administrator or creditors until after the expiration of a homestead estate. Our state constitution provides that if the owner of a homestead die, leaving a widow, "the rents and profits thereof shall vest in her during her natural life," provided that if the owner leaves children, they "shall share with the widow, and be entitled to half the rents and profits till each of them arrives at twenty-one years of age." Const. 1874, art. 9, § 6.

Now, it has been correctly stated that the term profits "comprehends the produce of the soil, whether it arises above or below

the surface; as herbage, wood, turf, coal, minerals, stones; also fish in a pond or running water." Bouv. Law Dict. Therefore, if the owner of the land in fee grant to another the rents and profits of such land, to have and to hold the same to him and his heirs, the whole land passes by the grant; "for what," asks Sir Edward Coke, "is the land but the profits thereof?" Coke, Littleton, 4*b;* Rapalje & Lawrence, Dict. Land has an indefinite extent, both upward and downward, and includes not only the surface of the earth, but everything beneath it. 2 Blackstone, Comm. 18. As the constitution gives to the widow and children the rents and profits of the homestead, this, in effect, gives them the use of the whole land. Conceding, then, the contention of counsel for appellant, that this coal is a part of the land itself, yet, as all of the land is included in the homestead estate, the probate court cannot order the land, or any part of it, sold until the homestead rights of the widow and children have terminated. *Stayton v. Halpern,* 50 Ark. 329. Whether the widow and children have the right to mine and sell the coal is a different question, which we do not decide.

Our conclusion is that this stratum of coal, which the administrator is endeavoring to have subjected to the debts of the estate, is a part of the homestead, and is protected from sale to the same extent that the homestead is protected. It follows that, in our opinion, the judgment of the circuit court is right, and it is therefore affirmed.