## DOW v. NEALIS.

### (Supreme Court, Appellate Term. April 24, 1905.)

1. RECEIVERS—DUTIES—POWERS.

A receiver in foreclosure is not bound by an oral agreement between the mortgagor and the tenant of the premises by which the former was obligated to furnish cold storage to the latter; and, in the absence of express authority from the court in his order of appointment, he has no power to furnish such cold storage, and cannot be held liable in damages for a failure to furnish the same.

2. SAME—PRESUMPTIONS AS TO POWERS.

In the absence from the evidence of the order appointing a receiver in foreclosure, it cannot be assumed that such order conferred on him a greater authority than that usually conferred on receivers appointed pendente lite to preserve property until the determination of the action.

Appeal from Municipal Court, Tenth District, Borough of Manhattan.

Action by Thomas W. Dow against James J. Nealis as receiver, etc. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-BAUM, JJ.

Peter Eagan, for appellant.

David Milliken, for respondent.

LEVENTRITT, J. The plaintiff recovered a judgment against the defendant for damages sustained by the failure to supply him with cold storage in his business as a saloon keeper. The defendant was appointed receiver in an action brought to foreclose a mortgage. The plaintiff was the tenant of a saloon on the premises, under a written lease with the landlord. This lease was very complete and precise in its terms, and, while providing for many things essential to the conduct of the plaintiff's business, contained no provision as to furnishing either cold storage or the facilities therefor. It was claimed by the plaintiff, and not disputed, that such provision was made by independent oral agreement with the landlord. It is difficult to see, under these circumstances, where the liability of the receiver attached for failure to provide the cold storage. Not only was there no obligation on him to do so, but, on the state of the record, no inference can be indulged in that he even had the power to do so. The order appointing the receiver was not put in evidence. It does not appear on what ground he was appointed—probably, however, on the ground of the inadequate security of the mortgage debt, or because the rents were

pledged for its payment. Without knowing to what extent the order conferred powers on him, we may not assume that he was more than the usual receiver appointed pendente lite to preserve the property to which the receivership extended while the case remained undecided. Keeney v. Home Ins. Co., 71 N. Y. 396, 27 Am. Rep. 60; Stokes v. Hoffman House, 46 App. Div. 120, 61 N. Y. Supp. 821, affirmed 167 N. Y. 554, 60 N. E. 667, 53 L. R. A. 870. He had no title—merely the right to possession as an officer of the court—and no authority beyond the limits of the order of his appointment. Decker v. Gardner, 124 N. Y. 338, 26 N. E. 814, 11 L. R. A. 480. In Wyckoff v. Scofield, 103 N. Y. 630, 9 N. E. 498, it was held that a receiver of the rents and profits in a foreclosure suit had no power, without the order of the court, to lessen the funds in his hands by expenditures for repairs, even though such repairs were necessary to preserve the property. Under these precedents, it is clear that the receiver had no power to furnish cold storage unless the court expressly authorized it. Whatever may be the rights of the plaintiff against his landlord, or against a fund which may ultimately be declared the property of the landlord, or whatever may have been his right to apply to the court to ask for a direction to its receiver to furnish the cold storage, it seems clear that the court's officer, merely holding the property subject to its direction on the issue of the litigation, cannot be held liable in damages for the omission of an act which he had no power to perform. The judgment must be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.