(117 App. Div. 212)

### WITTHAUS v. CAPSTICK et al.

(Supreme Court, Appellate Division, First Department. January 18, 1907.)

MORTGAGES—FORECLOSURE—LEASE BY RECEIVER—SUMMARY CANCELLATION.

It is no ground for summary cancellation by the court of a lease made by the receiver in an action to foreclose a mortgage of an undivided nine-tenths interest of premises that the lease, which in every other respect, at least, the receiver was empowered, under the provisions of the order appointing him, to make, was for the entire premises.

Appeal from Special Term.

Action by Guy Witthaus against Eleanore A. Capstick to foreclose a mortgage. From an order canceling a lease made by the receiver in foreclosure to Robert E. Sherwood, said Sherwood appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Parker & Aaron (H. Aaron, of counsel), for appellant.

Francis X. Butler (Joseph H. Hays, of counsel), for respondent Witthaus.

Wray & Pillsbury, for respondent Capstick.

CLARKE, J. The action was brought to foreclose a purchase-money second mortgage for $51,500 on premises 144 Fulton street, in the city of New York, executed by the defendant Capstick to the plaintiff on her undivided nine-tenths interest in said premises. At the time the mortgage was executed ownership of the remaining undivided one-tenth interest was considered uncertain. Witthaus, therefore, conveyed only the unquestioned nine-tenths interest to Miss Capstick, who gave back the mortgage mentioned, and under the contract of sale a partition suit was thereafter begun by Miss Capstick, which resulted in the entry of the interlocutory judgment on October 26, 1906, before the execution of the lease here under considera-

tion, determining that the remaining one-tenth interest was vested absolutely in Mr. Witthaus, subject only to his wife's right of dower. By agreement between the mortgagor and the mortgagee final judgment of foreclosure and sale in this action was not to be entered. Final judgment in the partition suit was, however, to be entered, and Miss Capstick was then to pay plaintiff the value of the remaining one-tenth interest and receive a deed from plaintiff for such one-tenth interest, whereupon plaintiff's interest in the premises would cease and Miss Capstick would become the sole owner. The negotiations had proceeded so far that Miss Capstick asked for a loan of $142,000 to carry out the plan as arranged, and it was while examining the title for such loan that the attorneys for the lender discovered the lease in question.

The summons, complaint, and notice of pendency of action were filed in the New York county clerk's office on August 21, 1906. On August 30, 1906, an order was entered appointing a receiver of the rents and profits of the premises affected by said mortgage, which, among other things, provided:

"That said receiver is hereby authorized from time to time, to rent or lease, as may be necessary, for a term not exceeding one year, said premises."

The premises consist of a single lot of ground with a five-story and basement building thereon. When the receiver went into possession under the above order, he found that the appellant Robert E. Sherwood was in possession thereof as tenant, and that he had been such tenant since the 20th of September, 1901, paying a rental of $300 per month, which he had theretofore promptly paid and continued to pay to the receiver. On October 27th Sherwood wrote to the receiver as follows:

"The roof is in a very leaky condition and will have to be gone over with tar before the cold weather sets in. This, with other and necessary repairs, which will have to be done at once, will necessitate an outlay by me to the extent of at least $500. All repairs that we deem necessary we are willing to do at our expense provided we are given a lease for a year, otherwise we will vacate the premises."

Thereafter, on the 3d of November, 1906, the receiver and Sherwood executed a written lease under seal, which was duly recorded, under which the receiver leased the premises for the term of 11 months from the 1st day of November, 1906, to the 30th day of September, 1907, at the rent of $300 per month, the same that he had theretofore been paying; the tenant agreeing to make all necessary repairs at his own cost and expense. Thereafter Sherwood proceeded to expend considerable sums of money for repairs to roof, lead pipes, windows, and floorings, and had other repairs under way. He made his business arrangements on the basis of such lease. He obligated himself in the sum of $40,000 in the purchase of books, music, and stationery in which he dealt for the holiday trade for this year, and to provide for a stock of merchandise during the future months of said lease. On the 16th day of November, 1906, an order to show cause was obtained why the said lease should not be can-

celed,. and .upon the return of said order and upon the motion of counsel ·for both the plaintiff and the defendant Capstick the court granted an order canceling and annulling said lease. From said order the tenant appeals.

· Whatever control the court may have over the action of a receiver appointed by it, it does not seem that it should extend so far as to authorize the summary cancellation of a written lease, which, under the. provisions. of the order appointing him, the receiver had power to make. ·The lease was made to the same tenant whom he found in possession and who seems for five years to have been acceptable to the owners, at the same rental theretofore paid to them. It was made after negotiations, in consideration of the condition of the building as to repairs, upon the statement that, if the lease was not made, the tenant would vacate, as he had a right to do, and upon the inducement that he would expend a considerable amount for the repairs. Upon the faith of the lease when made the tenant acted by making the repairs and by obligating himself for large sums of money for the continuance of his business at the said place. The court was without power summarily to deprive him of his property and rights.

If an action had been brought in equity to set aside the lease for any reason cognizable in equity, the tenant would have been entitled to show the acts done by him in good faith and reliance thereon and to receive equitable consideration in regard to amounts expended and obligations incurred.

Nor does the claim that the receiver leased the whole premises when, by order of his appointment, he was the receiver of only ninetenths undivided part thereof, appeal to us as a ground for sustaining this order. That may be for consideration between the owners as to the apportionment of the rent received, but is no ground for a summary cancellation of the lease.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant Sherwood, and the motion denied, with $10 costs. All concur.

---

(117 App. Div. 321)

### In re PARSONS' ESTATE.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

TAXATION—TRANSFER TAXES—ASSIGNMENT OF LIFE POLICIES.

     