ring upon that court more power than is possessed by the Supreme Court. Without expressing an opinion upon that question, we are reluctantly constrained to follow that decision, in order to preserve uniformity in the two departments so far as possible; but it is nowhere suggested, nor can authority be found for the right of a justice of the Municipal Court, not only to vacate a judgment rendered by him after a trial without a jury, but, in addition thereto, dismiss the complaint upon the merits, thus not only reversing himself, but precluding the plaintiff from beginning another action for the same cause.

[2] Notwithstanding the Municipal Court has been declared a court of record, it still remains a statutory court, with such powers only as are given by statute within the limits of the Constitution of the state. Schmitt v. Querengaesser (Sup.) 158 N. Y. Supp. 575. The respondent claims such power is given under section 1317 of the Code of Civil Procedure, but that section applies to appellate courts only.

Order modified, by striking therefrom the words "the complaint dismissed upon the merits with costs," and adding thereto the words "and a new trial granted," and, as so modified, affirmed, without costs to either party. All concur.

---

(95 Misc. Rep. 191)

### FIFTY-NINTH ST. REAL ESTATE CO. v. MURPHY.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

1. MORTGAGES ⬥471—FORECLOSURE—RECEIVER—"RENTS, ISSUES, AND PROFITS"—TELEPHONE TOLLS.

A receiver, under foreclosure of a mortgage on an apartment house, authorized to collect "rents, issues, and profits" thereof, has no right as against the mortgagor to telephone tolls collected from tenants for messages sent through the exchange in the building, since the money was earned, not from the property, but from contract with the telephone company.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1383, 1385; Dec. Dig. ⬥471.

For other definitions, see Words and Phrases, First and Second Series, Rents and Profits.]

2. MORTGAGES ⬥471—FORECLOSURE—RECEIVER—RENTS, ISSUES, AND PROFITS—ELECTRIC LIGHT CURRENT.

In such case, however, the receiver is entitled as against the mortgagor to amounts collected from tenants for electric current furnished them from a plant on the premises and part thereof.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1383, 1385; Dec. Dig. ⬥471.]

3. MORTGAGES ⬥473—FORECLOSURE—RECEIVER—CONTRACTS—EVIDENCE.

Evidence of conversation between representative of mortgagor and such receiver held not to show an arrangement affecting the receiver's right to amounts collected from tenants of building for electric current furnished.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. ⬥473.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

---

Action by the Fifty-Ninth Street Real Estate Company against Francis P. Murphy. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Gabriel L. Hess, of New York City, for appellant.

Bennett E. Siegelstein, of New York City (William L. Stone, of New York City, of counsel), for respondent.

GUY, J. This action was brought to recover from the defendant, who is the receiver of the rents, issues, and profits, under a foreclosure of a mortgage upon an apartment house known as the Chatsworth, in this city, the sum of $255.52, being the amount collected by the defendant from the tenants of said house for electric current furnished them.

The facts are not disputed. The plaintiff is the owner of the equity of redemption—the record owner of the premises. The electric current furnished the tenants was manufactured on the premises by a plant maintained thereon and a part thereof. The defendant, as receiver, took possession of the premises on April 30, 1915, and the bills for electric light were then due. Plaintiff rests its right to recover from the defendant upon two claims: First, that the electric current so furnished the tenants is not embraced in the terms "rents, issues, and profits," and therefore the defendant has no right thereto; and, second, that the plaintiff refrained from collecting said bills, and allowed the defendant to do so, upon his promise to collect the same and turn them over to the plaintiff.

In July, 1915, this plaintiff brought an action against this defendant to recover for telephone tolls collected by him from the several tenants, and recovered a judgment therefor, which was affirmed upon appeal by this court (not reported). In December, 1915, in another action between the same parties to recover for sums charged the owners of property adjoining the Chatsworth for electric current, light, telephone service, hot and cold water, etc., the owners of the adjoining property having paid the sum due into court, the judgment in favor of the receiver was modified by this court, upon appeal, by deducting the sums charged for telephone service, and affirmed as to the other charges (not reported).

[1] In that action it was determined by this court that the plant in the Chatsworth was a part of the realty, and that whatever it produced was within the rents, issues, and profits which the receiver was authorized to collect. The distinction between the two causes of action is clear. The first action was for telephone tolls; the messages being sent through a trunk line, the exchange being located in the Chatsworth, and connections being made through such exchange. This being the case, the receiver could not recover such charges, as they were no part of the rents, etc., as the money was not earned by the real estate, but through a contract with the telephone company.

[2, 3] In the second case, as in the present case, the charges are for commodities furnished directly by the plant, which is part of the realty, and charges for services in this case are therefore for the "rents, issues, and profits" arising from the use of such realty. The learned

trial justice held that the promise made by the defendant, which was disputed, to collect the said charges and pay them over to the plaintiff, was binding, as under the law "forbearance to assert a legal right is a good foundation for a promise by a third party to pay." When the record is examined, however, it will be found that this principle is sought to be applied to the following incident. Plaintiff's secretary testified as follows:

"I told the receiver that I had a claim against the tenants for electric light furnished, * * * and that I intended to render bills to the tenants for those charges, but that, if it would cause him any inconvenience and confusion, I would let his agent collect them for me, if he turned it over. The receiver told me that he thought that would be the best plan, * * * and he would see that these amounts were collected, and turned over to me when collected."

I do not interpret this as evidence of more than an arrangement as to the convenience of the two parties; but, if it can be regarded as a contract, it is merely one involving the physical collection and turning over of certain funds. Manifestly the right of the receiver to the fund was not either involved or intended to be determined by the arrangement; moreover, it is equally plain that he undertook no personal obligation in this respect whatever.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.