**Harry GRUSMARK, Plaintiff,**

v.

**George ECHELMAN, Defendant.**

United States District Court
S. D. New York.
April 30, 1958.

Lexow & Jenkins, Suffern, N. Y., for plaintiff.

Norman Annenberg, New York City, for defendant.

DIMOCK, District Judge.

This is a motion to vacate an order of the New York Supreme Court, Rockland County, appointing Richard Grusmark and William F. Campbell as receivers of the rents and profits of certain real property pending foreclosure proceedings.

The real property consists of about 60 acres of land and certain buildings in the Town of Ramapo, Rockland County, New York, on which defendant operated a summer resort known as Deerkills Park Country Club. Richard Grusmark was appointed a receiver by order of October 23, 1956, on an ex parte application of plaintiff. By an order of December 14, 1956, based on a memorandum of November 19, 1956, the state court denied defendant's motions to dismiss the complaint and to vacate the order appointing a receiver, with leave to renew the latter promptly. Upon renewal, however, the court stated that defendant "should clearly disclose his future intention in respect to the subject property and give specifications of objections to the Receiver and point out any inadequacy in the Receiver's performance in his duties". In the order of December 14 the court appointed a co-receiver, Campbell, and on January 14, 1957, the order was resettled to provide for the appointment and powers of both receivers. On January 16, 1957, the court ordered all mail addressed to Deerkills Park Country Club delivered to the receiver. Defendant filed a notice of appeal from the order of December 14, but before the appeal was prosecuted the case was removed to this court upon petition dated January 22, 1957. The receivers have since filed an accounting by order of this court.

There are two mortgages alleged to be in default in the foreclosure action: a real estate mortgage and a chattel mortgage. The mortgages were given as security for the sum of $235,000, which is the balance due on a sale by plaintiff to defendant of a business known as the Deerkills Park Country Club for $335,-000. The mortgaged real estate and chattels were included in the sale. Defendant describes the business in his affidavit as consisting of the rental of bungalows to families and the operation of a children's day camp. Other services were provided such as watching over the children in the evening and entertainment and other activities for the adults.

The receivers have taken possession of the real estate and chattels and have been operating the business.

The real estate mortgage contains provision 5, Statutory Short Form "M", Real Property Law, New York Consolidated Laws, Chap. 50, § 258:

"5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver."

The real estate mortgage also contains a non-statutory provision for the appointment of a receiver which provides.

"11. That the holder of this mortgage (or if the same be extended) in addition to the rights reserved aforementioned as if the same were specifically set forth, shall also be entitled to the appointment of a receiver of the rents and profits of said premises, in the event that the mortgagor or any subsequent owner of said premises is in possession of the whole or any part of the within described premises, for the express purpose of collecting the reasonable rental or occupational value of said premises. And said owner hereby agrees to pay the reasonable rental of said premises to the Receiver so appointed."

The chattel mortgage contains no provision for the appointment of a receiver.

The order of January 14, 1957, appoints the receivers for the sole purpose of collecting the rents and profits of the real estate described in the real estate mortgage and gives them only the usual incidental powers. The chattels are not referred to in the order. Defendant contends that the orders are improper and that the receivers have exceeded their powers under the orders in that they are not authorized therein to take possession of the chattels or to take over the management of the business that defendant was operating on the property.

Plaintiff's right to the appointment of a receiver without notice arose out of provision 5 of the real property mort-

gage as implemented by section 975 of the New York Civil Practice Act. This provision must be construed in accordance with subdivision 10 of section 254 of the New York Real Property Law which provides:

"10. Mortgagee entitled to appointment of receiver. A covenant 'that the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' must be construed as meaning that the mortgagee, his heirs, successors or assigns in any action to foreclose the mortgage, shall be entitled, without notice and without regard to adequacy of any security of the debt, to the appointment of a receiver of the rents and profits of the premises covered by the mortgage; and the rents and profits in the event of any default or defaults in paying the principal, interest, taxes, water rents, assessments or premiums of insurance, are assigned to the holder of the mortgage as further security for the payment of the indebtedness."

Even with such a provision, however, a mortgagor in New York retains his right to possession pending foreclosure and a receiver cannot be appointed unless there are actual rents and profits. Holmes v. Gravenhorst, 263 N. Y. 148, 188 N.E. 285, 91 A.L.R. 1230. The concept of rents and profits [1] has not been a static one and an examination of the current cases is necessary to properly define its scope. Clearly, if the mortgagor is in total possession of the premises as in the case of a dwelling house, there are no rents and profits and therefore there is no occasion for the appointment of a receiver to collect them. The same is true if he is in possession of mortgaged premises on which he is conducting a business. See Holmes v. Gravenhorst, supra, 263 N.Y. at pages 153–154, 188 N.E.2d 285. On the other hand, an apartment house that is occupied by tenants produces rents in the form of payments by the tenants which are compensation primarily for the use of the property although they may cover also incidental services such as heat, gas and electricity.[2] The concept of rent has been expanded to cover the income from some businesses operated on real property. In Fairchild v. Gray, 136 Misc. 704, 242 N.Y.S. 192, the court went so far as to approve the operation of a garage by a receiver of rents and profits where the main business of the garage was leasing space to automobile owners. On the other hand, a receiver of rents and profits was not permitted to take possession of and operate a restaurant and dance hall on the ground that there were no rents and profits within the rule in the Holmes case, supra. Bartels v. Fowler, 160 Misc. 584, 290 N.Y.S. 908.

I find that a primary function of the business of Deerkills Park Country Club was to entertain the customers and care for their children as well as to lease them furnished bungalows. The volume and nature of the items covered by the chattel mortgage is a strong indication of this fact; the schedule attached to the mortgage includes athletic equipment, musical instruments and furniture for the bungalows. The extensive scope

---

1. The word "profits" as used in this phrase is synonymous with "rents". See 2 Blackstone 41. The word is not here used in the sense of the excess of income over expense in the operation of a business.

2. Fifty-Ninth St. Real Estate Co. v. Murphy, App. Term, 1st Dept., 95 Misc. 191, 159 N.Y.S. 203. In this case plaintiff owner sued the receiver of rents, issues and profits, appointed in proceedings to foreclose a mortgage upon an apartment house, to recover an amount paid by tenants for electric current. The court held that the produce of the electric plant, which was part of the realty, was within the rents, issues and profits; but the court distinguished another action where the same plaintiff had recovered telephone tolls paid to the receiver on the ground that they were earned by contract with the telephone company and not by the real estate.

of the services rendered by defendant indicates that a large part of the income from the business is not earned by the real estate and is therefore not rent.

At the time the receivers were appointed the mortgagor was in possession of the real property to the extent that he was operating a business thereon. Under the rule in Holmes v. Gravenhorst, supra, the receivers were not entitled to possession and the mortgagor must be restored to possession of all of the property and permitted to operate his business. It cannot be said that the business was part of the security of the mortgages. See Whitley v. Challis, [1891] 1 Ch. 64 (C.A.).[3]

■ Plaintiff contends that, by virtue of his chattel mortgage, he is entitled to the earnings arising from the chattels. Whatever may have been his rights if he had taken possession of the chattels as an incident to his prayer for a foreclosure of the chattel mortgage or pursuant to the provision in the chattel mortgage giving him the right to seizure and sale in the event of default he has not taken possession of them either personally or through the receivers. The receivers have not taken possession as his personal representatives because he has never given them any such appointment. Nor have the receivers ever lawfully taken possession of the chattels in their official capacity. The chattel mortgage contains no provision for the appointment of a receiver and the chattels, being the subject of a separate mortgage, were clearly not intended to be covered by the real estate mortgage as incidental to the real estate. The receivers have taken possession of the chattels without express authority from the court and merely in the course of taking possession of the real property. As held above, the receivers' possession of the real property was unlawful. Their possession of the chattels can rise no higher. Thus plain-

tiff is not entitled to the earnings of the chattels either because of possession personally or possession through the receivers as his representatives or possession through the receivers as representatives of the court.

The receivers were not completely without authority, however, as the order appointed them to collect rents and profits of the real estate and undoubtedly a substantial portion of the income earned was rent paid for the use of the real estate. Inasmuch as the receivers exceeded the authority granted in the order they must account for all net income over the reasonable rental value of the real property. In exercising their authority to collect rents and profits in the future it is of course impracticable for the receivers to remain in possession of the real property and yet permit the mortgagor to exercise his right to manage his business. The parties have provided for just this situation, however, in provision 11 of the real estate mortgage quoted above. In accordance with this provision the mortgagor may retain possession but must pay the reasonable rental value of the premises to the receivers.

This disposition is not contrary to the holding in Holmes v. Gravenhorst, supra, that, where the mortgagor is in possession and there are no rents, a receiver may not be appointed to collect the rental value of the premises. In the case at bar there are actual rents and the mortgagor has, in provision 11 of the mortgage, contracted to pay to a receiver the reasonable rental value in the event that he is in possession of the property at the time of default.

■ Since the mortgagor must be restored to control over the management of the business the ex parte order directing delivery of mail to the receivers must be vacated. The order appointing the re-

---

**3.** In this case the court stated that the receiver could, if he wished, take possession of the land and building without managing the business. Id. at 73.

The English law, unlike that of New York, permits the mortgagor, at his own risk, to take possession after default. See Osborne, Mortgages, § 147, p. 357.

ceivers must be modified so as to eliminate the provision for possession of the real property by the receivers and all other provisions incidental to such possession.

Settle order on notice.