JOHN BARTELS and Another, Plaintiffs, v. CHARLES L. FOWLER and Others, Defendants.

County Court, Sullivan County, September 24, 1936.

*Edward F. Ryan,* for the plaintiffs.

*Morris M. Oppenheim,* for the defendant Charles L. Fowler.

GARDNER, Special County Judge. This is an action to foreclose a mortgage on premises located in the town of Bethel, Sullivan county, N. Y., upon which there is a building operated as a casino or dance hall, restaurant and ice cream parlor, and in connection

with which a license has been heretofore issued under the provisions of the Alcoholic Beverage Control Law for the sale of alcoholic beverages, wherein the plaintiff John Bartels was heretofore appointed receiver with the usual powers and directions of the rents and profits then due and unpaid or to become due pending this action and issuing from the mortgaged premises mentioned and described in the complaint; and the receiver upon his appointment and qualification in August, 1936, entered upon the premises and took charge of the said business, equipment and stock of merchandise then and there conducted by the defendant Charles L. Fowler, and as it appears is still conducting the same.

This case now comes before this court on a motion for an order directing the delivery of the possession of these premises to the defendant, the alleged owner in fee thereof, and further directing the receiver to quit and surrender the premises to the defendant Charles L. Fowler, and for a further order dismissing the complaint and to relieve the defendant Charles L. Fowler from his alleged default.

The mortgage contains a provision " that the holder of this bond and mortgage in any action to foreclose the mortgage shall be entitled to the appointment of a receiver."

The plaintiffs hold a chattel mortgage upon various articles of personal property incident to conducting of the businesses above enumerated upon said premises as collateral security for the payment of the real estate mortgage for the foreclosure of which this action was commenced.

The provision in the mortgage to the effect that the holder thereof in any action to foreclose the same should be entitled to the appointment of a receiver contains no statement as to what the receiver shall be receiver of. It is to be presumed that he shall be receiver of the premises which are the real property described therein.

The title remains in the mortgagor and those claiming under or through the mortgagor until the lien is foreclosed. Foreclosure of the lien does not take place upon the commencement of a foreclosure action, but upon a sale under a judgment of foreclosure. Though during the pendency of the action a court of equity has power to issue interlocutory orders for the protection of an asserted lien, such orders must be auxiliary to the right to foreclose the lien, and cannot deprive any party of a title or a right, which, though subordinate to the lien of the mortgage, survive and are valid until the lien is foreclosed by a sale under a judgment of foreclosure. (*Prudence Co.* v. *160 W. 73d St. Corp.*, 260 N. Y. 205, 211.)

The right of possession given to a receiver is incidental to the purpose for which the receiver is appointed, namely, the collection of the rents and profits, and if there be no rents and profits because actual possession is in one having the right of possession inherent in his ownership, no right of possession exists which may be conferred upon a receiver. (*Holmes* v. *Gravenhorst*, 263 N. Y. 148.)

A mortgagee of real property has no right of possession by virtue of the mortgage pending its foreclosure, and he does not acquire such right by applying for and having appointed a receiver, except in those cases where the right grows out of facts extrinsic to the mortgage contract or where there is a clause in the mortgage expressly giving him that right. (*Holmes* v. *Gravenhorst, supra.*)

No right of possession exists which may be conferred on a receiver of the rents and profits of premises under foreclosure where actual possession is in the owner. (*Holmes* v. *Gravenhorst, supra.*)

It follows, therefore, that the right, if it exists, must rest upon the clause heretofore referred to which gives only the right to the appointment of a receiver of " the rents and profits of said premises." There are no rents and profits. To authorize the receiver to remove the mortgagor and take possession of the premises in order to create rents and profits, or even to compel the mortgagor to pay rent, would be to deprive the mortgagor of a vested right to possession which he has not contracted away.

The order heretofore appointing receiver herein is hereby modified by striking therefrom the provision appearing therein as follows: " That the Receiver be and he hereby is empowered to go into possession of the said premises and operate the same and the business therein conducted and directed to demand, receive and collect the profits therefrom," and except as so modified the motion herein is in all other respect denied, without costs, and said order heretofore made appointing receiver in all other respects to stand as signed and entered, and the defendant Charles L. Fowler is let into possession of said premises during the pendency of this action.